IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| 10TALES, INC., | § |
| | § |
| Plaintiff, | § Case No. 6:20-cv-810 |
| | § |
| v. | § JURY TRIAL DEMANDED |
| | § |
| TIKTOK, INC., | § |
| | § |
| Defendant. | § |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff 10Tales, Inc. ("10Tales"), by and through its attorneys, for its complaint against Defendant TikTok, Inc. ("TikTok") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent No. 8,856,030 entitled "Method, System and Software for Associating Attributes within Digital Media Presentations" ("the '030 patent," attached as Exhibit A), arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

2. 10Tales—and its founder David Russek—is the pioneering developer of innovative technology used to deploy advanced storytelling through the use of 10 second videos submitted by a network of friends that become shared experiences among the friend network.  10Tales's technology has received numerous accolades from the entertainment industry, including, for example, the Mobile Excellence Awards.  See http://10tales.co/10tales.html.  David Russek is the inventor of the '030 patent.



3. 10Tales alleges that TikTok infringes the '030 patent by making and using a system that infringes at least claim 1 of the '030 patent, including, *inter alia*, the "recommendation system" used in connection with the TikTok "For You" Feed.

**THE PARTIES**

4. Plaintiff 10Tales, Inc. is a Delaware corporation that maintains its principal place of business at 18 Coal Street, Middleport, Pennsylvania 17953.

5. On information and belief, Defendant TikTok is a California corporation with a regular and established place of business in Austin, Texas, and a registered agent for service of process in this District at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

**JURISDICTION AND VENUE**

6. 10Tales brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. The amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over TikTok by virtue of TikTok's systematic and continuous contacts with this District.

9. This Court has personal jurisdiction over TikTok by virtue of, *inter alia*, the fact that TikTok has committed, aided, contributed to, and/or participated in the commission of the tortious act of patent infringement that led to foreseeable harm to 10Tales in this District.

10. On information and belief, TikTok is in the business of providing a video-sharing social networking service through its app in this District, and offers products and/or services, including those accused herein of infringement, to customers and potential customers located in

Texas and in this District. On information and belief, TikTok distributes products directly to customers and through its partners and/or intermediaries located in State of Texas. On information and belief, TikTok derives significant financial benefits through its business in Texas and in this District.

11. On information and belief, the TikTok app has been downloaded over 165 million times within the United States, with millions of those users of its products and services within the State of Texas, many of whom reside within this District.

12. On information and belief, TikTok has a regular and established place of business in this District, including offices in Austin, Texas, which TikTok relies upon and uses to support its activities within this District that result in patent infringement. On information and belief, and as evidenced by Exhibit B and Exhibit C, TikTok has hired and continues to hire numerous employees within this District, at least some of whom have, are, and will in the future support TikTok's infringing activities within this District that will generate substantial revenue.

13. On information and belief TikTok maintains facilities within this District and has committed acts within this District that give rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant has committed and continues to commit acts of infringement in this District by, among other things, providing its products and/or services that infringe the asserted patent.

14. This Court has specific personal jurisdiction over TikTok in this action pursuant to due process and the Texas Long Arm Statute because the claims asserted herein arise out of or are related to TikTok's substantial business in this forum and voluntary contacts with this forum, such voluntary contacts include but are not limited to: (i) at least a portion of the actions complained

of herein; (ii) purposefully and voluntarily placing one or more infringing products and/or services into this District and into the stream of commerce with the intention and expectation that they will be used by consumers in this District; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services, including the infringing products and/or services, provided to customers in Texas and in this District.  TikTok is subject to the Court's personal jurisdiction at least due to its distribution of products and/or services within Texas and the Western District of Texas.  Within this state, TikTok has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, TikTok has derived revenues from its infringing acts occurring within the Western District of Texas.  Further, TikTok is subject to the Court's jurisdiction because TikTok solicits and provides products and/or services to persons or entities in Texas and the Western District of Texas as evidenced by:  (i) regularly doing or soliciting business; (ii) engaging in other persistent courses of conduct; and (iii) deriving substantial revenue from goods and services.  TikTok has committed such purposeful acts and transactions in Texas such that it reasonably should know and expect that it could be haled into this Court because of such activity.

15.     Relative to patent infringement, TikTok has committed and continues to commit acts in violation of 35 U.S.C. § 271, and has made and used the infringing system in this state, including in this District, and otherwise engaged in infringing conduct within and directed at, or from, this District.  Such infringing system, namely the TikTok "recommendation system," has been and continues to be used in this District and the infringing conduct has caused, and continues to cause, injury to 10Tales, including injury suffered in this District.  These are purposeful acts

and transactions in this state and this District such that TikTok reasonably should know and expect that it could be haled into this Court because of such activities.

16. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) for at least the reasons set forth above, including but not limited to: a substantial part of the events or omissions giving rise to the 10Tales claims occurred in this District; TikTok has committed acts of infringement in this District; and TikTok has a regular and established place of business in this District. Defendant TikTok is registered to do business in the State of Texas, and on information and belief, has transacted business in this District and has committed acts of direct infringement in this District. TikTok conducts business in this District, including making and using the infringing system in this District. On information and belief, TikTok maintains offices in this District, hires and maintains employees in this District, and conducts business in this District consistent with its substantial physical presence in this District.

**COUNT I –INFRINGEMENT OF THE '030 PATENT**

17. 10Tales re-alleges and incorporates by reference the allegations set forth in paragraphs 1-16 as if fully set forth herein.

18. On October 7, 2014, the '030 patent, entitled "Method, System and Software for Associating Attributes within Digital Media Presentations" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '030 patent is attached as Exhibit A.

19. 10Tales is the owner of the '030 patent by virtue of an assignment effective as of March 29, 2015. A true and correct copy of that assignment agreement is attached as Exhibit D.

20. Pursuant to 35 U.S.C. § 282, the '030 patent is presumed valid.

21.     TikTok has had knowledge of the '030 patent since at least upon the date the marking was posted on http://10tales.co/, which was on or before June 23, 2020.

22.     TikTok has been and now is directly infringing the '030 patent within the United States by making and using systems that infringe, either directly or under the doctrine of equivalents, at least claim 1 of the '030 patent, including, *inter alia*, the "recommendation system" used in connection with the TikTok "For You" Feed.

23.     Claim 1 of the '030 patent covers a server-based software system for associating user attributes with digital media attributes and creating a user specific composite digital media display.

24.     The system in claim 1 of the '030 patent reflects technological improvements upon the state of the art at the time.  The technological improvements and solutions described and claimed in the '030 patent were not conventional or generic at the time of their respective inventions.  The inventions set forth in the claims of the '030 patent involved novel and nonobvious approaches to the problems and shortcomings prevalent in the art at the time.  The inventions claimed in the '030 patent involve and cover more than just the performance of well-understood, routine, and/or conventional activities known to the industry prior to the invention of the methods, systems, and devices by the '030 patent inventor.

25.     For example, one significant improvement over the prior art was the teaching of analyzing how a user interacts with other users in an online social network in order to determine that user's affinity for certain digital media content, and then teaching the use of a rule based algorithm to use this information to create a user specific composite digital media display for a specific user.

26. Upon information and belief, the backend "recommendation system" that TikTok both commercially makes and uses in the United States and in this District in order to generate the user specific "For You" feeds does precisely what is claimed by the system of the '030 patent and constitutes an act of direct infringement of at least claim 1 of the '030 patent.

27. First, according to TikTok's own representations and as evidenced by Exhibit E, one of the "defining features of the TikTok platform" is the fact that each "For You" feed is a user specific composite digital media display—that is, "each person's feed is unique and tailored to that specific individual." *See, e.g.*, Exhibit E (June 18, 2020, news post from TikTok's web site entitled "How TikTok recommends videos #ForYou"). According to Defendant:

> When you open TikTok and land in your For You feed, you're presented with a stream of videos curated to your interests, making it easy to find content and creators you love. **This feed is powered by a recommendation system that delivers content to each user that is likely to be of interest to that particular user**. Part of the magic of TikTok is that there's no one For You feed – while different people may come upon some of the same standout videos, **each person's feed is unique and tailored to that specific individual**.

*See id.* (emphasis added).

28. TikTok also acknowledges that its "recommendation system" makes use of user attributes from a social network system, such as information about content that the user shares with others, accounts the user follows, and comments the user posts in order to select specific video clips (user specific digital media assets) to include in the user specific feed (user specific composite digital media display). *Id.*

29. Additionally, as evidenced by Exhibit F, when a user chooses to link or sign up for TikTok using that user's social network (such as Facebook, Twitter, Instagram, or Google), TikTok's recommendation system collects user attribute information from these social media services, including the user's contact lists for these services and information relating to the user's use of those services. *See* Exhibit F (TikTok privacy policy). Upon information and belief,

TikTok's "recommendation system" uses these user attributes collected from the social media services in rule based algorithms to select the video clips to include in the user's "For You" feed that TikTok's recommendation system tailors for that specific individual.

30. As a result of its infringement of the '030 patent, TikTok has damaged 10Tales. TikTok is liable to 10Tales in an amount to be determined at trial that adequately compensates 10Tales for the infringement, which by law can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

10Tales respectfully requests that the Court enter judgment in 10Tales's favor ordering, finding, declaring, and/or awarding 10Tales relief as follows:

A. A judgment in favor of 10Tales that TikTok has directly infringed the '030 patent, whether literally or under the doctrine of equivalents;

B. Awarding 10Tales its damages suffered as a result of TikTok's infringement of the '030 patent, including pre-judgment and post-judgment interest and supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

C. Awarding 10Tales enhanced damages pursuant to 35 U.S.C. § 284;

D. Awarding 10Tales its costs and expenses;

E. Declaring this is an exceptional case awarding 10Tales its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F. Granting 10Tales such other equitable relief which may be requested and to which 10Tales is entitled; and

G. Granting such further relief as the Court finds appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), 10Tales requests a jury trial of all issues triable of right by a jury.

Dated:  September 2, 2020

Respectfully submitted,

By:   */s/ William E. Davis, III*

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas  75601
Telephone:  (903) 230-9090
Facsimile:  (903) 230-9661

Barry P. Golob (*pro hac vice* to be filed)
bgolob@cozen.com
Kerry B. McTigue (*pro hac vice* to be filed))
kmctigue@cozen.com
Thomas J. Fisher (*pro hac vice* to be filed)
tfisher@cozen.com
Aaron Lukas (*pro hac vice* to be filed)
alukas@cozen.com
COZEN O'CONNOR
1200 Nineteenth Street, NW
Washington, D.C.  20036
Telephone:  (202) 912-4800
Facsimile:  (202) 861-1905

Attorneys for Plaintiff 10Tales Inc.