# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| 10TALES, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., <br><br> Defendants. | CIVIL ACTION NO. 6:20-CV-810-ADA <br><br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE UNDER FEDERAL RULE 12(b)(6)

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

    A. Procedural History ......................................................................................................2

    B. The '030 Patent And Asserted Claim ..........................................................................2

III. LEGAL STANDARD.............................................................................................................3

IV. ARGUMENT ..........................................................................................................................4

    A. Plaintiff's Partial Direct Infringement Allegations Fail To Meet The *Iqbal/Twombly* Plausibility Standard and Should Be Dismissed..............................4

    B. Plaintiff Fails to Plead the Pre-Suit Knowledge of the Asserted Patent Necessary to Sustain an Indirect Infringement Claim ..............................................7

    C. Plaintiff Fails to Plead Facts Raising a Plausible Inference of Egregious Behavior Necessary for Enhanced Damages ............................................................8

    D. Plaintiff's Infringement Allegations Rely Upon Activities of Multiple Actors Without Allegations that Support Joint Infringement ..................................9

    E. Plaintiff's Amended Complaint Should be Dismissed with Prejudice ..................11

V. CONCLUSION.....................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Artrip v. Ball Corp.*
  735 Fed. Appx. 708 (Fed. Cir. 2018) ............................................................................. 4, 7, 11

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ................................................................................................ 1, 3, 4, 5, 8

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ........................................................................................................ 1, 3, 5

*De La Vega v. Microsoft Corp.*
  No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) .............. 4, 6, 7, 11

*Diem LLC v. BigCommerce, Inc.*
  No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11,
  2017) .......................................................................................................................................... 4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*
  136 S. Ct. 1923, 195 L. Ed. 2d 278 (2016) ............................................................................... 8

*Int'l Bus. Machines Corp. v. Booking Holdings Inc.*
  775 F. App'x 674 (Fed. Cir. 2019) ........................................................................................... 5

*Lee v. Verizon Communs., Inc.*
  837 F.3d 523 (5th Cir. 2016) ..................................................................................................... 4

*Lyda v. CBS Corp.*
  838 F.3d 1331 (Fed. Cir. 2016) .......................................................................................... 9, 10

*Meetrix IP, LLC v. Cisco Sys., Inc.*
  No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ................................ 7, 8

*Metricolor LLC v. L'Oreal S.A.*
  791 F. App'x 183 (Fed. Cir. 2019) ........................................................................................... 4

*OIP Techs., Inc. v. Amazon.com, Inc.*
  788 F.3d 1359 (Fed. Cir. 2015) ................................................................................................. 3

*Soar Tools, LLC v. Mesquite Oil Tools, Inc*.
  No. 5:19-CV-243-H, 2020 WL 5500238 (N.D. Tex. Sep. 11, 2020) ..................................... 4, 7

*U.S. ex rel. Adrian v. Regents of Univ. of California*
  363 F.3d 398 (5th Cir. 2004) ................................................................................................... 11

<u>Statutes</u>

28 U.S.C. § 1404 .............................................................................................................................. 2

35 U.S. Code § 271(b) ...............................................................................................................8

35 U.S. Code § 271(c)................................................................................................................7

<u>Other Authorities</u>

Federal Rule of Civil Procedure 8(a)(2) .........................................................................................3

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................3, 4

U.S. Patent No. 8,856,030......................................................................................1, 2, 3, 5, 8, 10

**I.      INTRODUCTION**

Plaintiff 10Tales, Inc.'s Amended Complaint fails to state a claim for relief and should be dismissed with prejudice. Plaintiff's original complaint likewise failed to state a claim for relief, of which Plaintiff is keenly aware from Defendants' prior motion to dismiss explaining in detail the deficiencies in the original pleading. Yet Plaintiff's Amended Complaint does not remedy these fatal flaws.

Plaintiff's vague infringement allegation fails to put Defendants on notice of how the TikTok system purportedly infringes claim 1 of U.S. Patent No. 8,856,030 ("the '030 patent"). Claim 1 recites a system with a server and memory, and programming instructions for performing nine different method steps. The Amended Complaint does not allege that the claimed components or method steps are present in or practiced by the TikTok system. Nor does the Amended Complaint support an inference that the TikTok system practices these method steps. Further, the Amended Complaint does not plead the requisite pre-suit knowledge necessary for indirect infringement. Nor does it allege any facts sufficient for an award of enhanced damages. Moreover, the '030 patent specification teaches that third party actors may be necessary to assert infringement of claim 1 and Plaintiff's Amended Complaint fails because it does not allege joint infringement or that Defendants have any control over the relevant third parties.

For at least these reasons, Plaintiff's infringement allegations lack sufficient specificity necessary to state a claim that satisfies the "plausibility" standard set forth in *Iqbal* and *Twombly* and, accordingly, should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notably, Plaintiff's failure to adequately state a claim for relief in its Amended Complaint despite notice of these deficiencies, only confirms that Plaintiff is unable to assert a valid infringement claim. The Amended Complaint should be dismissed with prejudice.

## II.     BACKGROUND

### A.     Procedural History

On September 2, 2020, Plaintiff 10Tales, Inc. ("10Tales") filed a patent infringement complaint alleging that Defendant TikTok Inc. ("TTI") infringes the '030 patent (the "Complaint"). *See* ECF No. 1.  On November 20, 2020, TTI moved to dismiss the Complaint for failure to state a claim and for improper venue, or, in the alternative, to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404. *See* ECF No. 24.  On December 10, 2020, 10Tales amended its Complaint to add three new defendants including Bytedance Inc. ("BDI"), Bytedance Ltd. ("BDL") and TikTok Pte. Ltd. ("TTPL"). *See* ECF No. 28 (the "Amended Complaint").  On January 27, 2021, Defendants BDI, BDL, and TTPL joined the portion of Defendant TTI's motion to transfer pursuant to 28 U.S.C. § 1404.[1] *See* ECF No. 46. Defendants now move to dismiss the Amended Complaint for failure to state a claim based on the very arguments that Plaintiff has been on notice of for months, since at least the filing of TTI's motion to dismiss the original complaint.

### B.     The '030 Patent And Asserted Claim

Plaintiff alleges that the TikTok system infringes claim 1 of the '030 patent, entitled "Method, System and Software for Associating Attributes Within Digital Media Presentation":

> 1. A system for associating user attributes with digital media asset attributes and creating a user specific composite digital media display, the system comprising:
>
> a) a server;
>
> b) a computer-readable storage medium operably connected;
>
> c) wherein the computer-readable storage medium contains one or more programming instructions for performing a method of associating user attributes with digital media asset attributes and creating a user specific composite digital media display, the method comprising:

---

[1] For purposes of this litigation only, Defendants have withdrawn their challenges based on lack of personal jurisdiction and improper venue.

>   identifying a first set of digital media assets stored on the computer-readable storage medium,
>
>   creating, from the first set of digital media assets, a first composite digital media display,
>
>   presenting to the user via a display server, the first composite digital media display;
>
>   retrieving user social network information from at least one source external to the presented first composite digital media display, wherein the user social network information contains one or more user attributes;
>
>   selecting, based on the user attributes in the social network information, a second set of digital media assets, wherein the second set of digital media assets is associated with one or more user attributes found in the user social network information;
>
>   monitoring the first composite digital media display for the presence of a trigger, wherein the trigger indicates a personalization opportunity in the first set of digital media assets;
>
>   performing a rule based substitution of one or more of the digital media assets from the first set of digital media assets with one or more of the digital media assets from the second set of digital media assets to create a user specific set of digital media assets;
>
>   creating, from the user specific digital media assets, a user specific composite digital media display; and
>
>   presenting to the user via the display server, the second composite digital media display.

('030 patent, cl. 1.).

### III.   LEGAL STANDARD

To avoid "a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Twombly*, 556 U.S. at 678 (citing *Iqbal*, 550 U.S. at 570). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide a defendant with fair notice of the plaintiff's claim and the grounds relied upon. This obligation requires more than conclusions or a formulaic recitation of the elements of a cause of action. *Id.,* at 555 (citations omitted). "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

In reviewing a Rule 12(b)(6) motion to dismiss, regional circuit law applies. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). In the Fifth Circuit, courts apply

the *Twombly*-plausibility standard, and "may dismiss a direct-infringement claim under Rule 12(b)(6) where the plaintiff's complaint fails to allege the manner of the defendant's infringement with specificity." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 WL 5500238, at *5 (N.D. Tex. Sep. 11, 2020); *see also Lee v. Verizon Communs., Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). Conclusory or partial allegations of infringement are insufficient. To survive dismissal, a plaintiff must "provid[e] facts sufficient to create a plausible inference that each element of the claim is infringed by the accused products." *Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *2 (E.D. Tex. May 11, 2017).

Failure to address a limitation is an appropriate ground for dismissal. *See Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019); *see also De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (Holding the complaint failed where the plaintiff did not "include even a short written description of how the accused instrumentalities meet the 'coupling' limitation.").

**IV.    ARGUMENT**

   **A.    Plaintiff's Partial Direct Infringement Allegations Fail To Meet The *Iqbal/Twombly* Plausibility Standard and Should Be Dismissed**

Plaintiff's factual allegations are very sparse, an issue that has been detailed to them in the prior motion to dismiss and letter to counsel, yet Plaintiff refuses to articulate a plausible claim of infringement—because it cannot. The Amended Complaint's paragraphs 56 through 66 set out the entire explanation for how the TikTok system purportedly infringes. Even when read in a light most favorable to Plaintiff, it is so lacking in specificity that one cannot infer the manner in which the TikTok system allegedly infringes claim 1. The alleged facts do not expressly or inferentially support a plausible claim for direct infringement, and thus, the Amended Complaint should be dismissed. *See Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 714 n.4 (Fed. Cir. 2018); *Iqbal*, 556 U.S.

at 678; *Twombly*, 550 U.S. at 570.  Direct infringement "requires that all the steps of a claimed method be performed by or attributable to a single entity." *Int'l Bus. Machines Corp. v. Booking Holdings Inc.*, 775 F. App'x 674, 677 (Fed. Cir. 2019) (citation omitted).  The Amended Complaint fails to meet this standard.

Plaintiff's allegation fails to identify at least the following claim limitations in the TikTok system, and they cannot be inferred from the Amended Complaint.  Claim 1 requires far more than selecting digital media assets and presenting a user specific digital media composite—it at least requires ***substituting*** a digital media asset from a first set of digital media assets with a digital media asset of a second set.  Indeed, claim 1 recites both a "system for associating user attributes with digital media asset attributes," and several method steps for creating multiple digital media composite displays, as well as "performing a rule based substitution."  ('030 patent, claim 1.) Without addressing claim 1's elements, Plaintiff baldly concludes that the "'For You' feed does precisely what is claimed by the system of the '030 patent and constitutes an act of direct infringement of at least claim 1 of the '030 patent."  Amended Complaint, ¶ 61.  A patent infringement claim cannot stand on such a conclusory and threadbare allegation.  *See Iqbal*, 556 U.S. at 678.

**"First" and "Second" "Composite Digital Media Display."**  Claim 1 requires creating "a first composite digital media display" (second method limitation), creating a "user specific composite digital media display" (eighth method limitation), and displaying "a second composite digital media display" (ninth method limitation).  Out of these three distinct limitations, the only one even referenced in the Amended Complaint is the "user-specific composite digital media display," which Plaintiff equates to the TikTok "For You" feed.  *See* Amended Complaint, ¶¶ 58, 60, 62-63.  As such, Plaintiff necessarily fails to tie the first or second composite displays to the

"For You" feed or any other aspect of the TikTok system. By failing to allege the presence of either the first or second "composite digital media display," the Amended Complaint fails to state a claim. *De La Vega*, 2020 WL 3528411, at *6.

**"Monitoring . . . for the Presence of a Trigger."** Claim 1 also requires "monitoring the first composite digital media display for the presence of a trigger, wherein the trigger indicates a personalization opportunity in the first set of digital media assets." As just explained, the Amended Complaint fails to point to, or even mention, a "first composite digital media display." This alone prevents the Amended Complaint from alleging that any aspect of the TikTok system "monitor[s]" such a first composite digital media display "for the presence of a trigger." The Amended Complaint fails to allege how the accused TikTok system "monitor[s]…for the presence of a trigger." Indeed, nowhere does the Amended Complaint mention "monitoring" or "trigger." Moreover, even a cursory review of the claim limitation shows that "monitoring the first composite digital media display for the presence of a trigger" infers that the first composite digital media display must include at least one trigger. Plaintiff's Amended Complaint equally fails to allege how, who, or what creates the trigger, or where it is found, in the accused TikTok system. Such blatant disregard for this limitation, and the pleading requirements, should not be excused. Plaintiff's insufficient claims should be dismissed for failure to state a claim upon which relief can be granted.

**"Performing a Rule Based Substitution."** Claim 1 further requires "performing a rule based substitution of one or more of the digital media assets from the first set of digital media assets with one or more of the digital media assets from the second set of digital media assets to create a user specific set of digital media assets." Plaintiff's Amended Complaint fails to explain which "assets" are substituted, how they are substituted, or when the substitution occurs. Instead,

Plaintiff vaguely alleges that the "recommendation system . . . select[s] specific video clips . . . to include in the user-specific feed," and uses "rule based algorithms to select the video clips to include in the user's "For You" feed." Amended Complaint, ¶¶ 63, 64. At best, the Amended Complaint merely alleges that certain videos are *selected*, but never alleges that any "rule based *substitution*" of those videos is performed.

By failing to even mention a majority of the claim terms in the Amended Complaint, Plaintiff necessarily "does not identify [all limitations] in the context of the accused instrumentality and/or describe how each operates. Because Plaintiff does not include even a short written description of how the accused instrumentalities meet [these] limitation[s], his [Amended] [C]omplaint fails to state a claim upon which relief can be granted." *See De La Vega*, 2020 WL 3528411, at *6. Moreover, the facts alleged, even when read in Plaintiff's favor, are insufficient to infer that the TikTok system practices each and every limitation in claim 1. Plaintiff has failed to put Defendants on notice of the manner for which the TikTok system purportedly infringes and, accordingly, Plaintiff's Amended Complaint should be dismissed. *See Soar Tools, LLC*, 2020 WL 5500238, at *5; *Artrip*, 735 Fed. Appx. at 714.

Further, Defendants have raised these issues multiple times in a prior motion to dismiss and in a pre-motion letter. Plaintiff was aware of the issues, and failed to fix the inadequacies in both the Amended Complaint and its preliminary infringement contentions. Accordingly, the Amended Complaint should be dismissed with prejudice.

### B. Plaintiff Fails to Plead the Pre-Suit Knowledge of the Asserted Patent Necessary to Sustain an Indirect Infringement Claim

"Indirect infringement under Section 271(b)–(c) requires actual knowledge of or willful blindness to the infringed patent's existence." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018). Plaintiff's Amended Complaint

only alleges induced infringement pursuant to Section 271(b) and only alleges notice of the '030 patent as of September 2, 2020 when the original Complaint was filed. *See* Amended Complaint, ¶ 69. Therefore, "because the [Amended] [C]omplaint fails to sufficiently allege pre-suit knowledge, the pre-suit portion of the indirect-infringement claims should be dismissed." *Meetrix*, 2018 WL 8261315, at *3.

### C. Plaintiff Fails to Plead Facts Raising a Plausible Inference of Egregious Behavior Necessary for Enhanced Damages

"The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932, 195 L. Ed. 2d 278 (2016). Plaintiff's Amended Complaint does not allege a single fact that could raise a plausible inference of the egregious behavior required under *Halo*. Instead, Plaintiff states legal conclusions without any factual support, such as: "Defendants have known of the existence of the '030 patent, and their acts of infringement have been willful and in disregard for the '030 patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct," Amended Complaint, ¶ 76; and "Defendants' infringement has been, and continues to be knowing, intentional, and willful," *id.* at ¶ 77. Such "[t]hreadbare recital[] of the elements of [willful infringement], supported by mere conclusory statements, do[es] not suffice." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's claim for willful infringement and enhanced damages should be dismissed in its entirety. *See Meetrix*, 2018 WL 8261315, at *3-4 (dismissing plaintiff's willful infringement claim ***in its entirety*** where "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*").

### D. **Plaintiff's Infringement Allegations Rely Upon Activities of Multiple Actors Without Allegations that Support Joint Infringement**

Plaintiff's Amended Complaint should also be dismissed for failing to include any plausible allegation that a single actor performs the steps of claim 1 or, in the alternative, any basis for a finding of joint infringement. In order to plead joint infringement, a complaint must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339-40 (Fed. Cir. 2016) (dismissing a complaint that failed to adequately allege that one entity directed or controlled others). Where there are no allegations that could "form the basis of a reasonable inference that each claim step was performed by or attributable to defendants," dismissal is proper. *Id.* Here, Plaintiff's infringement allegation demonstrates that no single actor performs all the steps of claim 1. Moreover, the factual allegations included in the Amended Complaint are insufficient to support a claim for joint infringement.

Given the limited and threadbare nature of Plaintiff's infringement allegation, and what is disclosed in the specification, Plaintiff's infringement reading appears to rely upon the acts of multiple actors. For example, claim 1 requires "presenting to the user via the display server," both the first and second composite digital media displays, however, 10Tales fails to identify the display server in TikTok's system. For example, it is unclear if 10Tales is alleging a server within the TikTok system presents the composite displays, or if the user's device activating the TikTok app and presenting the videos to the user, is the display server. If the latter, then a customer's use of the TikTok app would be required for infringement—which 10Tales has not clearly alleged.

-9-

Plaintiff also alleges the claim requires "user attributes from a social network system, such as information about content that *the user shares* with others, accounts *the user follows*, [] comments *the user posts*," and "when *a user chooses* to link or sign up for TikTok using that user's social network . . . ." Amended Complaint, ¶¶ 63-64 (emphasis added).  Accordingly, the Amended Complaint implies the users' activity, such as linking or signing up for the TikTok app, or interacting with posts or on a social network, are required to practice claim 1.

Additionally, the Amended Complaint is inconsistent in its identification of what constitutes direct infringement of the '030 patent.  At paragraph 65, Plaintiff alleges that merely "loading source code . . . onto computer-readable storage medi[a]" is sufficient to directly infringe claim 1 of the '030 patent, which contradicts the requirement that the first and second composite digital media displays must be presented to the user.  Conversely, paragraphs 68 and 72 allege that end users' "use of the TikTok app and webpage infringes the '030 patent" by "select[ing] the 'For You' feed, and/or access[ing] the 'For You' feed from a web browser."  Defendants are left to guess whether the system itself or the system when used by the end-user is what purportedly infringes the '030 patent.

Thus, if claim 1 allegedly requires human action by a third party (content creators or users), in addition to a computer system, to perform some of the methods, the Amended Complaint must also allege facts to support joint infringement.  Yet, the Amended Complaint fails to even suggest that one party exercises the requisite direction or control over another, or that the actors form a joint enterprise.  *See Lyda*, 838 F.3d at 1339.  Indeed, nowhere does the Amended Complaint allege that any Defendant directs or controls the content creators, or a user to use the TikTok app, sharing posts, following other users, or post material.

Rather, the user is described as having his/her own choice to use the social network. Amended Complaint, ¶ 64 ("when a user *chooses* to link or sign up for TikTok using that user's social network") (emphasis added)). Despite implicating multiple entities to perform claim 1, the Amended Complaint alleges no facts—not even a conclusory allegation—to support a joint infringement claim. Thus, the Amended Complaint should be dismissed with prejudice. *See, De La Vega*, 2020 WL 3528411, at *5.

### E. Plaintiff's Amended Complaint Should be Dismissed with Prejudice

Plaintiff's Amended Complaint—its second bite at the apple—makes no improvement on the infringement allegations in the original complaint and should be dismissed with prejudice. "A district court does not abuse its discretion where it denies leave [to amend] after repeated failure to cure deficiencies by amendments previously allowed." *Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018) (citation omitted). In response to Plaintiff's original complaint, Defendant TTI moved to dismiss for failure to state a claim, clearly laying out the deficiencies in Plaintiff's original infringement allegations. *See* ECF No. 24. These deficiencies were also detailed in a pre-motion letter provided to Plaintiff's counsel prior to the first motion to dismiss. Nonetheless, the Amended Complaint's infringement allegations are nearly identical to those in the original complaint and suffer from the same deficiencies. Plaintiff's actions make clear that it cannot, or is unwilling to, make the amendments necessary to plausibly plead infringement. Therefore, the Amended Complaint should be dismissed with prejudice. *See U.S. ex rel. Adrian v. Regents of Univ. of California*, 363 F.3d 398, 404 (5th Cir. 2004) (holding district court did not abuse its discretion by refusing leave to amend because "[a]lthough the order dismissing the second amended complaint was the first time a court ruled that [plaintiff] failed to plead fraud with specificity, [plaintiff] drafted this complaint after receiving the objections raised in the [] Defendants' motions to dismiss his first amended complaint").

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this case in its entirety, with prejudice.

Dated: February 2, 2021

By: /s/ Stephen S. Korniczky
Stephen S. Korniczky *(admitted pro hac vice)*
Martin R. Bader *(admitted pro hac vice)*
Ericka J. Schulz *(admitted pro hac vice)*
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, CA. 92130
T: 858.720.8900
skorniczky@sheppardmullin.com
mbader@sheppardmullin.com
eschulz@sheppardmullin.com

Jason Mueller (State Bar No. 24047571)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
T: 469.391.7402
jmueller@sheppardmullin.com

*Attorneys for TikTok Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, a true and correct copy of the foregoing DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE UNDER FEDERAL RULE 12(b)(6) was served on counsel of record in this case by electronic mail.

*/s/ Stephen S. Korniczky*
Stephen S. Korniczky