**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| 10TALES, INC., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| TIKTOK INC., TIKTOK PTE. LTD., | § |
| BYTEDANCE LTD., and BYTEDANCE | § |
| INC., | § |
| | § |
| Defendants. | § |

Case No. 6:20-cv-00810-ADA

JURY TRIAL DEMANDED

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE
AMENDED COMPLAINT WITH PREJUDICE UNDER FEDERAL RULE 12(b)(6)**

## Table of Contents

I.    INTRODUCTION ................................................................................................... 1

II.   FACTS ................................................................................................................. 2

III.  LEGAL STANDARD ........................................................................................... 3

IV.   ARGUMENT ........................................................................................................ 5

    A.   10Tales More Than Meets the Pleading Standard with its Claim for Direct Infringement 5

    B.   10Tales Has Properly Pled Indirect Infringement ............................................ 8

    C.   10Tales Alleges a Plausible Claim for Willful Infringement and Enhanced Damages ...... 9

    D.   Defendants Apply the Wrong Legal Standard with Regard to "Use" of a
        System Claim ................................................................................................ 11

    E.   In the Unlikely Event that the Court Were to Conclude that the Amended Complaint is
        Deficient, 10Tales Requests Leave to File a Second Amended Complaint to Cure
        Any Deficiencies Identified by the Court ...................................................... 14

V.    CONCLUSION ................................................................................................... 16

**Cases**

*U.S. ex rel. Adrian v. Regents of Univ. of California*,
    363 F.3d 398 (5th Cir. 2004) ...............................................16

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. Mar. 11, 2005) ......................7

*Artrip v. Ball Corp.*,
    735 F. App'x 708 (Fed. Cir. 2018) .......................................16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................3, 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012).............................................4

*Bio-Rad Labs Inc. v. Thermo Fisher Scientific Inc.*,
    267 F. Supp. 3d 499 (D. Del. Jan. 31, 2017) .......................10

*Brown v. Taylor*,
    911 F.3d 235 (5th Cir. 2018) ...............................................15

*Centillion Data Sys., LLC v. Qwest Commc'ns Intern., Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011)..............................12, 13, 14

*CoreBrace LLC v. Star Seismic LLC*,
    566 F.3d 1069 (Fed. Cir. 2009)..............................................3

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018) .............................................5

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*,
    No. 5:18-CV-1335-XR, 2019 WL 2601347 (W.D. Tex. June 25, 2019) .................................6

*Erickson v. Pardus*,
    551 U.S. 89 (2007)...................................................................4

*Estech Sys., Inc. v. Target Corp.*,
    No. 2:20-CV-123-JRG-RSP, 2020 WL 6534094 (E.D. Tex. Aug. 27, 2020) ..................9, 11

*Foman v. Davis*,
371 U.S. 178 (1962) ............................................................................15

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
136 S. Ct. 1923 (2016) ...............................................................9, 10, 11

*Inhale, Inc v. Gravitron, LLC*,
No. 1:18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ............6

*Lormand v. US Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ...............................................................3

*Lowrey v. Texas A&M Univ. Sys.*,
117 F.3d 242 (5th Cir. 1997) ...............................................................3

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
No. 1:18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ..............11

*Motiva Patents, LLC v. Sony Corp.*,
408 F. Supp. 3d 819 (E.D. Tex. Sept. 27, 2019) ........................................11

*N. Cypress Med. Ctr. Operating Co., Ltd v. Aetna Life Ins. Co.*,
898 F.3d 461 (5th Cir. 2018) ...............................................................15

*Nichia Corp. v. VIZIO, Inc.*,
No. 2:16-CV-1453-JRG, 2017 WL 3836141 (E.D. Tex. July 24, 2017)................6

*Panoptis Patent Mgmt., LLC v. Blackberry Corp.*,
No. 2:16-CV-59-JRG-RSP, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017) ............10

*Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*,
170 F. Supp. 3d 928 (E.D. Tex. Mar. 17, 2016) ........................................10

*Slyce Acquisition Inc. v. Syte – Visual Conception Ltd.*,
No. 6:19-CV-257-ADA, 2020 WL 278481 (W.D. Tex. Jan. 10, 2020) ...................4

*Uniloc USA, Inc. v. Avaya Inc.*,
No. 6:15-CV-1168-JRG, 2016 WL 7042236 (E.D. Tex. May 13, 2016) ....................4, 5, 6, 8

**Statutes**

35 U.S.C. § 271(a) ............................................................................5, 12, 14

35 U.S.C. § 287(a) ............................................................................8

**Other Authorities**

Fed. R. Civ. P. 8(a) ............................................................................ *passim*

Fed. R. Civ. P. 12(b)(6)................................................................................................3, 4

Fed. R. Civ. P. 15(a) ........................................................................................................15

## I.     INTRODUCTION

Defendants TikTok Inc. ("TI"), TikTok Pte. Ltd. ("TPL"), ByteDance Ltd. ("BL"), and ByteDance Inc.'s ("BI") (hereafter collectively "TikTok" or "Defendants") Motion to Dismiss the Amended Complaint with Prejudice (ECF No. 48, "Motion") seeks to impermissibly expand the well-understood pleading requirements of Rule 8 and *Iqbal/Twombly* to include requirements not supported by case law in this circuit.  Plaintiff 10Tales, Inc.'s ("10Tales") well-pleaded Amended Complaint (ECF No. 28) sets forth more than sufficient detail to put Defendants on fair notice of the plausible claims asserted and the grounds therefore.

Specifically, and given that this Court disfavors motions to dismiss, Defendants' motion should be denied because the Amended Complaint identifies:  (1) as to direct infringement, the patent that is infringed—the '030 patent, the accused TikTok system that is infringing the patent, and the specific functionality of that system that infringes claim 1 of the '030 patent; (2) as to indirect infringement, facts supporting Defendants' knowledge of the '030 patent and, at this stage absent discovery, the timing of that knowledge; (3) as to willful infringement, facts supporting Defendants' actual knowledge of the '030 patent and, coupled with its ongoing infringement, the factual predicate at the pleading stage for enhanced damages based on Defendants' intentional acts; and (4) as to joint infringement, claim 1 is a system claim that does not implicate joint infringement, and 10Tales has alleged sufficient facts to show that Defendants infringe system claim 1 by making and using an infringing system, and that Defendants' customers also infringe claim 1 by using Defendants' infringing system as a whole and obtaining benefit from it.

Contrary to the applicable law, Defendants would have this Court require plaintiffs to provide element-by-element, infringement contention-like information in a complaint to properly state a claim, a position that has been soundly rejected in this circuit.  As to inducement, Defendants seem to be confused about the difference between dismissal of pleadings and any

potential limitation regarding 10Tales' damages and, in any event, Defendants' claim fails because post-suit knowledge is sufficient to assert inducement at the pleading stage.

At bottom, Defendants are requesting the Court abrogate Rule 8 and *Iqbal/Twombly* and conclude that dismissal is warranted here. The Court should decline Defendants' request and deny Defendants' Motion because 10Tales' Amended Complaint fully complies with the pleading requirements of this Court and controlling case law.

## II. FACTS

10Tales is the pioneering developer of innovative technology used to deploy advanced storytelling through the use of short-form videos submitted by a network of friends that become shared experiences among the friend network. 10Tales' technology has received numerous accolades from the entertainment industry, including, for example, the Mobile Excellence Awards. ECF No. 28, Amended Complaint, ¶ 2.

10Tales filed its original Complaint for patent infringement on September 2, 2020, against Defendant TikTok Inc., alleging TI's infringement of United States Patent Number 8,856,030 ("the '030 patent"). ECF No. 1, Complaint. On September 3, 2020, TI was served through its registered agent. ECF No. 8. On December 10, 2020, 10Tales filed its First Amended Complaint for Patent Infringement, which added TI's foreign parent, ByteDance Ltd., as a defendant, as well as two other subsidiaries as parties to the action, TikTok Pte. Ltd. and ByteDance Inc. Amended Complaint. On December 29, 2020, BI was served through its registered agent. ECF No. 36.

Defendant BL is the parent and owner of TI, BI, and TPL. Amended Complaint, ¶ 2; *see* https://www.bytedance.com/en/. BL is a global company incorporated in the Cayman Islands, with offices in the United States, China, Singapore, and the United Kingdom, among others. Amended Complaint, ¶ 10. BL developed the TikTok platform and operates and controls it in the United States through subsidiaries and affiliates such as TI, BI, and TPL. Amended Complaint,

¶ 11.  BL operates the TikTok platform throughout the United States, including within this District. Amended Complaint, ¶ 12.

On January 11, 2021, the Summons and First Amended were served upon TPL directly, via process server, at TPL's address in Singapore.  ECF No. 39.  On January 26, 2021, counsel for Defendants agreed to accept service of the Summons and First Amended Complaint on behalf of BL.  ECF No. 42.

On January 14, 2021, the Court entered a Scheduling Order setting the *Markman* hearing for June 4, 2021, with trial being set for March 7, 2022.  ECF No. 41.  Pursuant to the Scheduling Order, 10Tales served it preliminary infringement contentions on December 14, 2020.  *Id.* Defendants' preliminary invalidity contentions and "technical documents, including software" are due on March 1, 2021.  *Id.*

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Motions to dismiss are procedural questions to which the Federal Circuit applies the law of the regional circuit.  *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009).  In the Fifth Circuit, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and rarely granted.'" *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

A plaintiff need provide "only enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  This standard is met when "the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 556). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

There is no requirement for the plaintiff to "prove its case at the pleading stage." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Thus, the Court has specifically held that dismissal under Rule 12(b)(6) is inappropriate where fact discovery could affect the court's analysis. *See Slyce Acquisition Inc. v. Syte – Visual Conception Ltd.*, No. 6:19-CV-257-ADA, 2020 WL 278481, at *6 (W.D. Tex. Jan. 10, 2020) (denying Rule 12(b)(6) motion because fact discovery could affect the court's Section 101 analysis).

In order to properly plead a claim for direct infringement, "a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention during the term of the patent.'" *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-1168-JRG, 2016 WL 7042236, at *3-4 (E.D. Tex. May 13, 2016) (citing 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); and *Bowlby v. City of Aberdeen*, 681 F.3d 215, 217 (5th Cir. 2012)) (concluding the identification by name of accused products and description of the accused functionality within the products were sufficient to support a reasonable inference the defendant was liable for direct infringement of the asserted claims, and that "[r]equiring more would improperly and unfairly elevate the plausibility standard to a probability standard").

## IV.  ARGUMENT

### A.  10Tales More Than Meets the Pleading Standard with its Claim for Direct Infringement

Defendants' assertion that 10Tales' direct infringement claim fails to "articulate a plausible claim of infringement" is without merit for a number of reasons.  Motion at 4.  Simply put, the Amended Complaint identifies both the '030 patent and Defendants' accused system that infringes the '030 patent, and thus, the Amended Complaint provides Defendants the requisite knowledge of 10Tales' claim.  The Rules require nothing more.

Indeed, 10Tales' Amended Complaint specifically identifies Defendants' "recommendation system" used in connection with the TikTok "For You" feed as the accused system, and specifically alleges that Defendants are directly infringing "at least claim 1 of the '030 patent" by making and using "*inter alia*, the 'recommendation system' used in connection with the TikTok 'For You' feed."  Amended Complaint, ¶¶ 3, 47, 57, 66.  The Amended Complaint further describes the accused functionality of the "recommendation system" that infringes at least claim 1 of the '030 patent, which was attached to the Amended Complaint.  *See* Amended Complaint, ¶¶ 62-65.  Thus, 10Tales has satisfied its burden of explicitly pleading facts to plausibly support its assertion that Defendants "without authority makes, uses, offers to sell, or sells any patented invention during the term" of the '030 patent.  35 U.S.C. § 271(a); *see Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding allegations sufficient under Rule 8 where the patentee attached the patent as an exhibit to the complaint, identified the accused product by name, and alleged the accused product met each and every element of at least one claim); *Uniloc*, 2016 WL 7042236, at *3 (E.D. Tex. May 13, 2016) (concluding the identification by name of accused products and description of the accused functionality within the products were sufficient to support a reasonable inference the defendant

was liable for direct infringement of the asserted claims, and that "[r]equiring more would improperly and unfairly elevate the plausibility standard to a probability standard"); *see also Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. 5:18-CV-1335-XR, 2019 WL 2601347, at *3-4 (W.D. Tex. June 25, 2019) ("clear[ing] the low *Disc Diesease* bar"); *Inhale, Inc v. Gravitron, LLC*, No. 1:18-CV-762-LY, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018) (same).

Notably, in their Motion, Defendants do not dispute that the Amended Complaint provides fair notice of what 10Tales' claim is and the grounds upon which the 10Tales claim rests. Moreover, given the very specific identification of the software system at issue—Defendants' "recommendation system," which Defendants know consists of servers and software created by Defendants and loaded onto those servers—Defendants can hardly complain that they need any additional factual information to defend against 10Tales' claims. Defendants either wrote their programming instructions on their servers in such a way that the software associates user attributes with digital media asset attributes and creates a user specific composite digital media display as claimed in claim 1 of the '030 patent, or they did not. With that information in hand, they are able to answer the Amended Complaint and either admit or deny the allegations therein.

Instead, Defendants suggest that 10Tales must include element-by-element contentions within the Amended Complaint to properly state a claim, despite case law to the contrary. Courts in this circuit have refused to require such element-by-element contentions within a complaint. *See, e.g.*, *Nichia Corp. v. VIZIO, Inc.*, No. 2:16-CV-1453-JRG (lead case), 2017 WL 3836141, at *2 (E.D. Tex. July 24, 2017) ("Importantly, '[a]llegations to the level of detail contained in infringement contentions are not required at the pleading stage.' . . . . At this early stage in the case, the plaintiff is not required to provide an "exposition of his legal argument.'"); *Uniloc*, 2016 WL 7042236, at *3 ("In essence, Avaya is asserting that Uniloc must include element-by-element

infringement contentions within the original complaint to properly state a claim for direct infringement.  The Court declines to infuse Federal Rule of Civil Procedure 8(a)'s well-established pleading standard with such a heightened burden at the initial pleading stage.").

10Tales' Amended Complaint thus satisfies the requirements of the Rules and controlling case law, and Defendants' Motion should be denied.

Even if Defendants were sincere in their contention that they need element-by-element infringement contentions in order to have  "fair notice of what the . . . claim is and the grounds upon which it rests," they have them.  *Twombly*, 550 U.S. at 555.  10Tales served Defendants with its Preliminary Infringement Contentions on December 14, 2020—more than seven weeks before Defendants filed their Motion—providing Defendants with such an element-by-element analysis. 10Tales' contentions include a thirty-one page claim chart showing where each element of claim 1 of the '030 patent is found in the accused system.  A copy of those contentions is attached hereto as Exhibit A.  In the unlikely event the Court were to rule that 10Tales is required to include element-by-element infringement contentions in their pleading in order to comply with Rule 8, 10Tales requests leave to amend its pleading to incorporate by reference its Preliminary Infringement Contentions that it has already served on Defendants.[1]

---

[1]  In their Motion, Defendants seem to imply that 10Tales preliminary infringement contentions are inadequate.  *See* Motion at 7 ("Plaintiff was aware of the issues and failed to fix the inadequacies in both the Amended Complaint and its preliminary infringement contentions."). Notably, however, Defendants have not filed any motion with the Court alleging any "inadequacies" with 10Tales' contentions.  Defendants know well that 10Tales' contentions are as detailed as they can reasonably be until such time as Defendants produce their source code for the accused system, which is due with their Preliminary Invalidity Contentions on March 1, 2021, under the Scheduling Order.  *See, e.g.*, *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560-61 (E.D. Tex. Mar. 11, 2005) ("Software cases present unique challenges for the parties and the courts because, prior to discovery, plaintiffs usually only have access to the manifestation of the defendants' allegedly infringing source code and not the code itself.  From this manifestation, plaintiffs must somehow divine whether the defendants' code infringes.

### B.    10Tales Has Properly Pled Indirect Infringement

Defendants next argue that the "pre-suit portion of the indirect-infringement claims should be dismissed" because the Amended Complaint fails to sufficiently allege pre-suit knowledge. Motion at 7-8.  As Defendants concede, the Amended Complaint sufficiently states a claim for indirect infringement based on Defendants' notice of the '030 patent as of at least September 2, 2020, when the original Complaint was filed and thus, Defendants' motion to dismiss should be denied.  *See* Amended Complaint, ¶¶ 54-55, 69, 72-73, 75-77.

Defendants appear to be confused between dismissal and damages.  Whether 10Tales is entitled to pre-suit relief is a damages issue rather than one related to the sufficiency of the allegations in the Amended Complaint.  *Compare* 35 U.S.C. § 287(a) ("In the event of failure so to mark, no **damages** shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice.") (emphasis added) *with Uniloc USA, Inc.*, 2016 WL 7042236, at *4 ("Failing to allege **pre-suit knowledge** of the patent is **not** a basis to **dismiss** indirect infringement claims.") (emphasis added). If discovery reveals that Defendants had notice that their system infringes the '030 patent prior to September 2, 2020, then 10Tales will be entitled to damages based on indirect-infringement prior to that date.  If not, then10Tales' damages for indirect infringement may be limited to post-

---

Although defendants vigorously and rightly guard their source code, until plaintiffs have access to it, plaintiffs are typically unable to give highly specified infringement contentions.").   If Defendants are confident that their source code does not infringe claim 1 of the '030 patent, this case could be quickly resolved by providing 10Tales' expert with access to Defendants' source code to confirm Defendants' claim, to which Defendants have refused to do despite numerous requests by 10Tales.

September 2, 2020, conduct.[2]  Accordingly, Defendants' motion to dismiss 10Tales' claim for "the pre-suit portion" of its indirect infringement should be denied.

### C.    10Tales Alleges a Plausible Claim for Willful Infringement and Enhanced Damages

Defendants complain that the First Amended Complaint does not allege "a single fact that could raise a plausible inference of the egregious behavior required under *Halo*."  Motion at 8. Defendants' argument misstates the holding in *Halo*, and is also premised on a standard that does not apply in a motion to dismiss.  *Halo* confirmed that "Section 284 gives district courts discretion in meting out enhanced damages.  It 'commits the determination' whether enhanced damages are appropriate 'to the discretion of the district court . . . .'"  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016) (quoting *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014)).  Here, 10Tales has sufficiently pled its claim for willful infringement, and Defendants' request amounts to asking for insulation from potential enhanced damages in the event 10Tales prevails on that claim.  In effect, Defendants are seeking to preempt 10Tales from having the opportunity to request the district court to exercise its discretion to consider a claim for enhanced damages before the record has even been developed.

In its Amended Complaint, 10Tales alleges that the public—including Defendants—has been on notice of the '030 patent since at least June 23, 2020, when it marked its products and posted the same on its website.  Amended Complaint, ¶¶ 54-55.  In addition, 10Tales alleges that

---

[2]  *See Estech Sys., Inc. v. Target Corp.*, No. 2:20-CV-123-JRG-RSP (lead case), 2020 WL 6534094, at *5 (E.D. Tex. Aug. 27, 2020) ("Estech relies on the filing of the initial complaint to show Wells Fargo's subsequent knowledge of the Asserted Patents.  This approach has been approved in this District as well as 'most courts that have considered the issue recently.'  *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016) (Bryson, J.) (collecting cases).  Thus, at a minimum, *Estech* has shown that Wells Fargo had post-filing knowledge of the patents.  It would be premature at this stage to distinguish between pre- and post-filing conduct, providing another reason why the Motion should be denied as to induced infringement.").

Defendants have had actual knowledge that their system infringes the '030 patent since at least September 2, 2020, when Defendants received a copy of the original Complaint. Amended Complaint, ¶ 69.

Defendants do not—and cannot—argue that the Amended Complaint fails to allege that they had knowledge of and infringe the '030 patent. The Rules require nothing more than "a short and plain statement of the claim showing" that 10Tales is entitled to relief. Fed. R. Civ. P. 8(a)(2). As the Court stated in *Halo*, "[t]he subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo*, 136 S. Ct. at 1933.

Courts in this circuit have held that at the pleading stage "actual notice of the patents" can be "sufficient to plausibly infer that [Defendants] engaged in the type of culpable behavior described in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016)." *Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 2:16-CV-59-JRG-RSP, 2017 WL 780885, at *5 (E.D. Tex. Feb. 10, 2017). Other courts have agreed. In *Bio-Rad Labs Inc. v. Thermo Fisher Scientific Inc.*, 267 F. Supp. 3d 499 (D. Del. Jan. 31, 2017), the court held that "[a]t the pleading stage, it is not necessary to show that the case is egregious." *Id.* at 501 (*citing Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. at 1934).

Here, based on the allegations in the Amended Complaint—when accepting all facts as true and in the light most favorable to 10Tales—the facts state a claim for willful infringement and enhanced damages that is plausible on its face. *See Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. Mar. 17, 2016) (citing *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)).

Moreover, Defendants' reliance on *Meetrix* is misplaced, as *Meetrix* is not on point. In *Meetrix*, the court found that the complaint failed to sufficiently allege pre-suit knowledge of the asserted patents from which a plausible inference of subjective willfulness could be drawn, which is at odds with the facts here. *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018). Since 10Tales has alleged both constructive and actual pre-suit knowledge, the Amended Complaint "indisputably state[s] a claim for willful infringement." *See* Amended Complaint, ¶¶ 54-55, 72-73, 75-77; *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 837 (E.D. Tex. Sept. 27, 2019). Indeed, under *Halo*, "[t]he subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo*, 136 S. Ct. at 1933. At the very least, 10Tales has properly pled that Defendants' conduct demonstrates subjective bad faith sufficient to demonstrate "the intent element of willfulness at this stage" by and through pleadings that "[Defendants] ha[d] knowledge of the relevant patents, that [Defendants'] customers are infringing, and that [Defendants] encouraged this infringement." *Estech Systems, Inc.*, 2020 WL 6534094, at *7.

Thus, 10Tales has alleged sufficient facts to support a plausible claim for willful infringement and Defendants' motion to dismiss 10Tales' claims for willful infringement and enhanced damages should be denied.

## D. Defendants Apply the Wrong Legal Standard with Regard to "Use" of a System Claim

Defendants argue that 10Tales' "Amended Complaint should also be dismissed for failing to include any plausible allegations that a single actor performs the steps of claim 1 or, in the alternative, any basis for a finding of joint infringement." Motion at 9. Defendants' argument misses the mark, as claim 1 is directed to a system—not a method. When applying the correct

standard for determining infringement of a system claim, 10Tales has alleged sufficient facts to plausibly show that Defendants infringe claim 1 of the '030 patent by both making and using an infringing system, and that Defendants' customers infringe claim 1 of the '030 patent through use of that infringing system.

First, claim 1 of the '030 patent is undeniably directed to a system. *See* '030 patent, claim 1 ("A *system* for associating user attributes with digital media asset attributes and creating a user specific composite digital media display, the system comprising . . . .") (emphasis added). In *Centillion Data Sys., LLC v. Qwest Commc'ns Intern., Inc.,* 631 F.3d 1279, 1284 (Fed. Cir. 2011), the Federal Circuit held "that to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Id.* at 1284. The court explained that the district court in that case had erred in concluding that a party must exercise physical or direct control over each individual element of the claim. *Id.* Rather, according to the Federal Circuit, use of an infringing system only requires the ability "to place the system as a whole into service," and does not require a party to "exercise physical or direct control over each individual element of the claim." *See id.* ("We agree that direct infringement by 'use' of a system claim 'requires a party . . . to use each and every . . . element of a claimed [system].' In order to 'put the system into service,' the end user must be using all portions of the claimed invention.").

In *Centillion*, the Federal Circuit addressed infringement of a system claim on information technology. *Id.* at 1282. The claim recited a "front-end" system maintained by an end user and a "back-end" system maintained by a service provider. *Id.* at 1281. The facts of the case were that customers of the company accused of infringing used the company's front-end client application software to trigger data processing by the company's back-end system. *See id.* at 1281-82. The Federal Circuit held that the company's customers "used" the entire system for purposes of Section

271(a) because the customers entered informational queries into the front-end, and these queries caused the back-end to perform additional processing as required by the patent claim. *Id.* at 1285. The court also held that customers used the entire system when they subscribed to receive electronic billing information on a monthly basis. *Id.* The reason is that by subscribing a single time, the customer caused the back-end processing to perform its function on a monthly basis. *Id.* The Federal Circuit held that "in both modes of operation, it is the customer-initiated demand for the service which causes the back-end system to generate the requisite reports. This is 'use' because, *but for the customer's actions, the entire system would never have been put into service.* This is sufficient control over the system . . ., and the customer clearly benefits from this function." *Id.* (emphasis added). Importantly, the Federal Circuit held that "[i]t makes no difference that the back-end processing is physically possessed by" a third party. *Id.*

TikTok's customer's use of the recommendation system is analogous to the system found "used" for purposes of the infringement analysis in *Centillion*. TikTok's end users and customers put the system as a whole into service by downloading and running the TikTok app on a device and accessing the "For You" feed. *See* Amended Complaint, ¶ 68. As in *Centillion*, "but for the customers' actions, the entire system would never have been put into service." *Centillion*, 631 F.3d at 1285. Moreover, "[i]t makes no difference that the back end processing is physically possessed by" Defendants. *Id.* at 1285.

This is only one of three ways, however, that 10Tales alleges direct infringement of claim 1 of the '030 patent in the Amended Complaint. 10Tales also alleges that Defendants themselves directly infringe claim 1 of the '030 patent when Defendants use the infringing system in the United States for purposes of testing and improving their recommendation engine and for testing Defendants' safety and security practices. *See* Amended Complaint, ¶ 66.

Additionally, 10Tales alleges that Defendants infringe claim 1 of the '030 patent because Defendants "make" the claimed invention under § 271(a).  *See* Amended Complaint, ¶¶ 47, 61, 65.  Here, unlike the system claim in *Centillion*, claim 1 of the '030 patent does not include the client-side software as part of the claimed invention.[3]  Rather, the claimed system in the '030 patent comprises only the "back-end" system maintained by Defendants, which comprises servers, computer-readable storage medium, and programming instructions loaded onto the computer-readable storage medium and executed by the servers maintained by Defendants.  10Tales alleges that Defendants "make the infringing system in the United Stated by loading source code and/or programming instructions, including Defendants' recommendation engine or digital media assets (including media assets that Defendants refer to as "user content") onto computer-readable storage medium that is operably connected to servers that Defendants either own or lease."  *See* Amended Complaint, ¶ 65.  Thus, 10Tales has sufficiently alleged that Defendants directly infringe claim 1 of the '030 patent by "making" the infringing system in the United States.

**E.** **In the Unlikely Event that the Court Were to Conclude that the Amended Complaint is Deficient, 10Tales Requests Leave to File a Second Amended Complaint to Cure Any Deficiencies Identified by the Court**

In their Motion, Defendants do not merely request that this Court require 10Tales to cure the alleged "deficiencies" in its Amended Complaint, but Defendants go so far as to request that

---

[3]  The illustrative system claim in *Centillion* included four elements:  1) storage means for storing transaction records, 2) data processing means for generating summary reports as specified by a user from the transaction records, 3) transferring means for transferring the transaction records and summary reports to a user, and 4) personal computer data processing means adapted to perform additional processing on the transaction records.  *See Centillion*, 631 F.3d at 1281.  The patentee conceded that the first three elements were found on the "back-end" system maintained by the service provider, and that the fourth element was the personal computer maintained by the end user.  Claim 1 of the '030 patent includes elements similar to the first three elements of the illustrative claim in *Centillion*, but does not include any limitation similar to element four of the illustrative claim in *Centillion*.  Thus, unlike the claimed systems in *Centillion* which include both a back-end server and user device, the claimed system here only comprises a back-end server.  *See* Amended Complaint, ¶¶ 58, 65.

the Court employ the extraordinary remedy of dismissing 10Tales' entire action "with prejudice." Even if Defendants' arguments regarding the sufficiency of 10Tales' pleading were meritorious, which they are not, 10Tales could readily cure the alleged "deficiencies" with an amended pleading. Defendants' primary argument is that 10Tales was required to include in its pleading both element-by-element infringement contentions and proposed claim constructions for certain claim terms. Neither are required under Rule 8. In the unlikely event that the Court were to agree with Defendants' position, 10Tales requests leave to amend its complaint to incorporate by reference the claim chart that 10Tales has already served on Defendants with its preliminary infringement contentions and to include proposed claim constructions in an amended pleading.

"Rule 15(a) requires a trial court to 'freely give leave when justice so requires.'" *N. Cypress Med. Ctr. Operating Co., Ltd v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (quoting Fed. R. Civ. P. 15(a)). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court must provide "a 'substantial reason' to deny a party's request for leave to amend," such as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment.'" *N. Cypress Med.*, 898 F.3d at 477 (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). "A district court's failure to provide an adequate explanation justifies a reversal." *Brown v. Taylor*, 911 F.3d 235, 246 (5th Cir. 2018).

Here, Defendants do not argue that any of these factors for denying leave to amend apply. Rather, Defendants simply argue that since Defendants responded to 10Tales' original complaint by arguing that 10Tales was required to include element-by-element infringement contentions in its pleading, and that since 10Tales disagreed with Defendants and chose not to do so when

amending its pleading as a matter of course to add additional defendants and induced infringement claims, the Court should somehow conclude that 10Tales has "repeatedly" failed to cure deficiencies by amendment previously allowed. Motion at 11. To date, however, this Court has not ruled on the sufficiency of 10Tales' pleading, nor allowed any amendments to cure any such deficiencies. As such, Defendants' argument that this Court should dismiss the Amended Complaint with prejudice is not just devoid of merit, but it is not warranted by existing law, or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law.[4] Accordingly, in the unlikely event that the Court were to conclude that 10Tales' pleading is deficient in any way, 10Tales requests leave to amend to cure any such deficiencies.

## V. CONCLUSION

For the foregoing reasons, 10Tales respectfully requests this Court deny Defendants' Motion to Dismiss in its entirety. In the alternative, should the Court find any deficiencies with 10Tales' Amended Complaint, 10Tales respectfully requests leave to amend.

---

[4] The cases cited by Defendants in their Motion are inapposite. In *Artrip v. Ball Corp.*, 735 F. App'x 708 (Fed. Cir. 2018), the Federal Circuit affirmed the district court's dismissal of the patentee's *third* amended complaint—that is, the patentee's fourth attempt to state a claim—with prejudice where the district court had identified particular deficiencies in the second amended complaint and instructed the patentee to plead specific facts supporting his infringement allegations going forward, but the patentee failed to do in his third amended complaint. *Id.* at 715. In *U.S. ex rel. Adrian v. Regents of Univ. of California*, 363 F.3d 398 (5th Cir. 2004), the plaintiff had effectively conceded that his first amended complaint did not plead fraud with specificity and represented that he could plead additional facts to support his fraud claims if necessary. *Id.* at 403-404. Before a court ruled on the motion to dismiss the amended complaint, the plaintiff sought leave to amend to include additional factual support for the fraud claims. *Id.* The second amended complaint, however, was still deficient. *Id.* at 404. While the court had not previously ruled that the amended complaint was deficient, the Fifth Circuit held that the district court did not abuse its discretion in dismissing the fraud claim in the second amended complaint with prejudice under the particular facts of that case. *Id.* Unlike the plaintiff in *Regents*, 10Tales has never previously represented to this Court that it could plead additional facts if necessary, and then failed to do so in an amended pleading. Here, if this Court were to find any merit to Defendants' argument that 10Tales is required to include claim-by-claim infringement contentions in its pleading, 10Tales now specifically requests leave to do so in a Second Amended Complaint.

Dated:  February 16, 2021

Respectfully submitted,

By:   /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas  75601
Telephone:  (903) 230-9090
Facsimile:  (903) 230-9661

Barry P. Golob (admitted *pro hac vice*)
bgolob@cozen.com
Thomas J. Fisher (admitted *pro hac vice*)
tfisher@cozen.com
COZEN O'CONNOR
1200 Nineteenth Street, NW
Washington, D.C.  20036
Telephone:  (202) 912-4800
Facsimile:  (202) 861-1905

Attorneys for Plaintiff 10Tales Inc.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(A) on February 16, 2021, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

/s/ William E. Davis, III
William E. Davis, III