# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| 10TALES, INC., | § § § | |
| Plaintiff, | § § | Case No. 6:20-cv-00810-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF THE MOTION TO TRANSFER VENUE

### I. INTRODUCTION

In their motion to stay pending resolution of the motion to transfer (ECF No. 49, "Motion to Stay"), Defendants ByteDance Ltd., ByteDance Inc., TikTok Inc., and TikTok Pte. Ltd. (hereafter collectively "Defendants") ask the Court to suspend its Scheduling Order (ECF No. 41) until Defendants' motion to transfer (ECF Nos. 24, 47, "Motion to Transfer") is decided. But the Scheduling Order—based on the Court's Standing Order Governing Procedures, Version 3.2 ("OGP"),[1] and the Court's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases dated November 19, 2020[2]—already specifically accommodates such

---

[1] https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Sample%20Order%20Governing%20Proceedings%20-%20Patent%20Cases110520.pdf

[2] https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Standing%20Order%20Regarding%20Venue%20And%20Jurisdictional%20Discovery%20Limits%20For%20Patent%20Cases%20111920.pdf

jurisdictional motions. Defendants neither dispute that the Courts' Standing Order gives "top priority" to Defendants' Motion to Transfer, nor do they raise any argument that their Motion to Transfer is in any way unique such that departure from the Court's standing practice is warranted. Instead, Defendants' Motion to Stay is a tactical ploy in an attempt to delay these proceedings to see if its February 9, 2021, *inter partes* review ("IPR") petition—filed **two** days before its Motion to Stay—can get traction at the U.S. Patent and Trademark Office to give it further arguments for delay. In short, Defendants' Motion to Stay asks the Court to substitute Defendants' discretion for managing this case for the Court's.

Defendants quote the Federal Circuit's Order in *In re SK Hynix* to suggest that this court *must* stay the case until it has ruled on Defendants' Motion to Transfer. *See* Motion to Stay at 1, 4, 5 (quoting *In re SK Hynix*, No. 2021-113, 2021 WL 321071, at *2 (Fed. Cir. Feb. 1, 2021)). That is not the law. Instead, the decision to stay this case rests with the Court's discretion, and Defendants' Motion to Stay falls well short of demonstrating any inequity that would result from letting this case proceed. Defendants' Motion to Stay should be denied, and this case should continue pursuant to the Scheduling Order.

## II. FACTUAL BACKGROUND

10Tales filed its original Complaint against Defendant TikTok Inc. on September 2, 2020. *See* ECF No. 1. On September 15, 2020, TikTok Inc. filed an unopposed motion to extend the time to respond to 10Tales' Complaint by ***forty-five (45) days*** such that TikTok Inc.'s response would be due on November 9, 2020. *See* ECF No. 10. The Court granted TikTok Inc.'s motion. On November 5, 2020, TikTok Inc. sought additional time to respond to the Complaint. *See* ECF No. 20. On November 19, 2020—seventy-six (76) days after being served with the Complaint—Defendant TikTok Inc. filed its Motion to Transfer. *See* ECF No. 24.

2

On December 10, 2020, 10Tales filed its First Amended Complaint ("Amended Complaint") for Patent Infringement as a matter of course. *See* ECF No. 28. The Amended Complaint added additional parties that work together with TikTok Inc. to market, sell, and distribute the "TikTok" application in the United States. *See, e.g.*, Amended Complaint, ¶¶ 14-21. On December 14, 2020, in accordance with the deadline set forth in the OGP, 10Tales served its preliminary infringement contentions on TikTok Inc.

On December 23, 2020, TikTok Inc. moved for a 30-day extension to respond to 10Tales' Amended Complaint such that TikTok Inc.'s response would not be due until January 27, 2021. *See* ECF No. 35. Notably, despite the fact that the Court had not yet ruled on TikTok Inc.'s Motion to Transfer, TikTok Inc. did not file any motion with the Court requesting that the Court stay all deadlines—including the deadline for TikTok Inc. to respond to the Amended Complaint—prior to its December 23 motion for an extension of time, or even at any time during the following forty days.

Instead, TikTok Inc. waited for nearly ***three months*** from the date that TikTok Inc. filed its Motion to Transfer before filing the instant Motion to Stay on February 11, 2021, requesting that the Court stay all dates pending resolution of the motion that TikTok Inc. filed on November 19, 2020. Significantly, Defendants do not cite to anything in this case that has changed since November 19, 2020, when Defendant TikTok Inc. filed its Motion to Transfer. The Court is already giving top priority to Defendants' Motion to Transfer, and the parties are already nearly half-way through the six months allotted for jurisdictional discovery. *See* ECF No. 41.

Accordingly, given Defendants' undue delay, gamesmanship, and failure to provide any reason that the facts of this case differ from any other case where a defendant files a motion to transfer in a patent case, this Court should deny Defendants' Motion to Stay.

## III. LEGAL STANDARD

"Whether to stay a case falls within the Court's inherent discretiona[ry] authority." *Neodron, Ltd. v. Dell Techs., Inc.*, No. 1:19-CV-819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery.")); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (exercising "judicial discretion" upon a motion to stay). Determining whether to issue a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Neodron*, 2019 WL 9633629, at *1 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

Importantly, the proponent has the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (quoting *Landis*, 299 U.S. at 255). In determining whether a stay is proper, a district court should consider, among other factors: (1) the potential prejudice to the nonmoving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018).

## IV. ARGUMENT

### A. Defendants Have Not Shown That They Would Suffer Hardship or Inequity If This Case Goes Forward

Defendants are obligated to demonstrate that they would suffer clear harm or inequity if a stay is not granted. Defendants' arguments fall well short of carrying their burden in this regard. Each of the three factors the Court should consider in deciding Defendants' Motion to Stay weighs against staying this case. The Court should deny the Motion to Stay.

### 1. A Stay Will Prejudice 10Tales' Right to Protect Its Patent and Obtain Expeditious Resolution of Its Claims

Defendants' tactic here is transparent. They want to stack delay by first suspending this Court's Scheduling Order, on the hope that the case will be transferred to the Northern District of California, where the case will then reset. It will then seek a stay there pending resolution of its recently-filed IPR, and then—should the PTAB institute trial—pending resolution of an inevitable appeal to the Federal Circuit. All-in, if Defendants' strategy is successful, they will delay 10Tales' right to protect its patent rights in district court for over 3 years—well into 2024. Such a delay would permit Defendants to free ride on 10Tales' patent rights for an additional 15% of 10Tales' entire patent term. If successful, Defendants' tactic would be highly prejudicial to 10Tales.

Defendants brazenly argue that a stay would result in "little or no prejudice to" 10Tales. Motion to Stay at 1. But as this Court recognized in *Neodron*, a stay would be prejudicial to 10Tales' interest in obtaining an expeditious resolution of its case. *See Neodron*, 2019 WL 9633629, at *1-2. The first factor weighs heavily against Defendants' requested stay.

### 2. Defendants' Claims of "Current" and Speculative Hardship and Inequity Do Not Justify A Stay

Defendants feign "current" harm based on their argument that 10Tales' Amended Complaint does not sufficiently apprise them of 10Tales' infringement claim. But as 10Tales set forth in its recently-filed opposition to Defendants' motion to dismiss, the Amended Complaint satisfies the pleading requirements, and makes clear that Defendants' system that carries out Defendants' recommendation engine used with the TikTok "For You" feed infringes at least claim 1 of the '030 patent. *See* ECF No. 51. It is unclear why Defendants are arguing "current" harm to support their Motion to Stay where the proper inquiry is whether *denying* the motion will *create* harm. *Yeti Coolers*, 2018 WL 2122868, at *1-2. Indeed, Defendants' argument weighs

against staying this case where Defendants already have a separate motion seeking relief for its "current" harm pending before the Court.  *See* ECF No. 48.

In any event, Defendants fail to address the fact that on December 14, 2020—over two months ago—10Tales served its preliminary infringement contentions, which include a 31-page claim chart explaining how Defendants' system infringes claim 1 of the '030 patent.  *See* 10Tales' Preliminary Infringement Contentions, attached hereto as Exhibit A.  Even if Defendants were to prevail on its motion to dismiss—which it should not—Defendants cannot in good faith argue that they have not been provided notice of 10Tales' infringement contentions.  In its contentions, 10Tales provides details of Defendants' infringement based on its inspection of the operation of the TikTok "For You" feed and publically available information from Defendants themselves.  Several of the claim limitations are directed to software for carrying out a method on the claimed system.  For those limitations, 10Tales explained that it will supplement its contentions to provide further details after it has had an opportunity to review Defendants' source code and technical documents, which are due with Defendants' preliminary invalidity contentions on March 1, 2021.  *See* ECF No. 41, Scheduling Order at 2 ("Defendants shall also produce . . . technical documents, including software where applicable, sufficient to show the operation of the accused product(s) . . . .").

Defendants frame their "current" harm in the context of the Amended Complaint rather than 10Tales' preliminary infringement contentions, which cuts against the relief they seek here.  It is apparent that rather than suffering harm from proceeding forward, Defendants want to delay so that they do not need to comply with their obligation to produce the technical details of their accused system—including the source code.  Any "current" harm that Defendants are suffering will only be exacerbated by staying this case.  Defendants' Motion to Stay should be denied so

that 10Tales can review Defendants' technical documents and supplement its infringement contentions to provide Defendants the additional level of detail they complain of not having.

As to future harm that Defendants might suffer if this case is not stayed, Defendants merely speculate as to inefficiencies that *might* result *if* the Court transfers this case. Defendants' purported "harm" is highly speculative and does not justify staying 10Tales' case while the parties complete jurisdictional discovery provided for under the Court's Standing Order.³ Moreover, Defendants' own conduct contradicts their claim that they will suffer "future" harm. Defendant TikTok Inc. filed its Motion to Transfer on November 19, 2020, but then waited nearly three months to file its Motion to Stay pending resolution of its Motion to Transfer. During that nearly three month delay, Defendants have sought affirmative relief from this Court by filing a motion to dismiss the Amended Complaint asking this Court to dismiss 10Tales' action with prejudice. If Defendants were truly concerned about "future" harm, TikTok Inc. would have promptly filed its Motion to Stay at or about the same time it filed its Motion to Transfer in November 2020, and the other Defendants would have joined in that motion soon after accepting prompt service of process. Defendants failure to act diligently in seeking this stay is telling.

As this Court noted in *Neodron*, a stay would be prejudicial to 10Tales' interest in obtaining an expeditious resolution of its case. *See Neodron*, 2019 WL 9633629, at *3. Defendants have failed to carry their burden to show "a clear case of hardship or inequity in being required to go forward," and their motion should be denied. *Id.* at *1.

---

³ Defendants surely make no attempt to demonstrate how they would uniquely "experience hardship or inequity that would necessarily outweigh other considerations like [lost] judicial economy" pursuant to a transfer from this Court to the Northern District of California. *Miller Weisbrod, LLP, et al. v. Klein Frank, PC*, No. 3:13-CV-2695-BN, 2014 WL 2738231, at *4 (N.D. Tex. June 17, 2014).

7

The court's order in *Sipco, LLC, et al. v. Emerson Electric Co., et al.*, No. 6:15-CV-907, Dkt. No. 103 (E.D. Tex. July 12, 2016), is instructive. In *Sipco*, the court denied the defendants' emergency request for a stay even after granting their motion to transfer pending a 21-day waiting period prior to transfer in the Local Rules. In doing so, the court concluded that "[e]fficiency will be best served if the parties proceed with the current deadlines in this case until the transferee court receives the case." *Id.* at 2. Here, as in *Sipco*, efficiency will be best served if the parties proceed pursuant to the Scheduling Order. The second factor also weighs against Defendants' requested stay.

### 3. A Stay Is Unlikely to Conserve Judicial Resources

Defendants also fail to demonstrate that a stay would conserve judicial resources. The Court has entered a Scheduling Order, and 10Tales has already served its preliminary infringement contentions. Defendants must now serve their invalidity contentions and technical documents—which will be required regardless of the Court's decision on their Motion to Transfer. The parties will then proceed to the claim construction phase. Claim construction is a matter of law, which again, will be required regardless of whether the case is transferred.[4] None

---

[4] In their Motion to Stay, Defendants argue that if this Court were to transfer this case to the Northern District of California after the parties had completed their claim construction briefing, the parties would have to "restart" the entire claim construction process in the Northern District of California. Defendants, however, offer no evidence or explanation as to why claim construction submissions in this Court could not comply with the local rules of the Northern District of California. In fact, this Court's rules and the rules from the Northern District of California are substantially similar. For example, both this Court and the Northern District of California require the parties to submit a joint claim construction statement prior to claim construction briefing. Considering this Court's more flexible rules regarding claim construction submissions, nothing prevents Defendants from formatting their claim construction submissions to also comply with the Local Rules of the Northern District of California if they so choose. Defendants have not and cannot show how doing so would run afoul in anyway of this Court's standing orders. Moreover, Defendants do not accurately represent what transpired in *Synkloud v. Adobe*, No. 3:20-CV-7760, Dkt. 81, ¶¶ 16-18, 21-22 (N.D. Cal. Feb. 5, 2021) after the case was transferred to the Northern District of California. In that case, Judge Alsup did not order the parties to "restart the claim construction process." Rather, Judge Alsup merely indicated that it was his unique procedure—not the N.D. Cal.'s procedure—to postpone claim construction until summary judgment or trial. Even under Judge Alsup's unique

of these efforts will be wasteful of judicial resources. Fact discovery is not scheduled to begin until June, and trial is over a year away.

Defendants argue that the Northern District of California "is a much more convenient forum." Motion to Stay at 9. But Defendants make no attempt to link its purported convenience to the conservation of judicial resources. The third factor also weighs against Defendants' requested stay.

## V. CONCLUSION

For the foregoing reasons, this Court should exercise its discretion to manage its own docket and proceed with the case pursuant to the Scheduling Order. The Court should deny Defendants' Motion to Stay.

Dated: February 18, 2021
Respectfully submitted,

By:    */s/ William E. Davis, III*
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Barry P. Golob (admitted *pro hac vice*)
bgolob@cozen.com
Thomas J. Fisher (admitted *pro hac vice*)
tfisher@cozen.com
COZEN O'CONNOR
1200 Nineteenth Street, NW
Washington, D.C. 20036
Telephone: (202) 912-4800
Facsimile: (202) 861-1905
*Attorneys for Plaintiff 10Tales Inc.*

---

procedure, the parties are required to exchange claim construction proposals prior to discovery, and as such, any exchanges and briefing that occurred prior to the transfer served to move that case forward, contrary to Defendants' characterization of that case.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(A) on February 18, 2021, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ William E. Davis, III*
William E. Davis, III