**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **10TALES, INC.,** § | |
| *Plaintiff,* § | |
| § | **6:20-CV-00810-ADA** |
| **v.** § | |
| § | |
| **TIKTOK INC.,** § | |
| *Defendant.* § | |

**ORDER GRANTING DEFENDANT TIKTOK'S MOTION TO
TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Before the Court is the defendant's Motion to Transfer to the Northern District of California ("NDCA") pursuant to 28 U.S.C. § 1404(a). After considering all related pleadings and the relevant law, the Court is of the opinion that this motion should be **GRANTED**.

**I. Factual Background**

Plaintiff 10Tales, Inc. ("10Tales") filed this lawsuit against TikTok Inc. on September 2, 2020 alleging infringement of U.S. Patent No. 8,856,030. ECF No. 1. TikTok Inc. filed a Motion to Transfer venue to the NDCA under 28 U.S.C. § 1404(a) on November 30, 2020. ECF No. 24. On December 10, 2020, 10Tales amended its complaint against TikTok Inc. to include TikTok Pte. Ltd., ByteDance Ltd., and ByteDance Inc. (collectively, "TikTok") in this lawsuit. ECF No. 28. The newly added defendants joined the Motion to Transfer on January 28, 2021. ECF No. 46. 10Tales responded in opposition to the Motion to Transfer on April 20, 2021, and TikTok replied in support of transfer on April 28, 2021. ECF No. 71; ECF No. 83. On May 6, 2021, the Court heard arguments from both parties regarding TikTok's Motion to Transfer. ECF No. 77.

10Tales, a video-technology developer, is incorporated in the state of Delaware with its principal place of business in Middleport, Pennsylvania. ECF No. 28. ByteDance Ltd. is a Cayman Islands corporation and is the parent company to the other three defendants in this case. ECF No.

1

28; ECF No. 50. Tik Tok Pte. Ltd. is a Singapore corporation, while TikTok Inc. and ByteDance Inc. are California corporations with principal places of business there as well. *Id.*

## II. Standard of Review

Title 28 U.S.C. § 1404(a) provides that, for the convenience of parties, witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *VanDusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008 (hereinafter "*Volkswagen II*"). If the destination venue would have been proper, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. US. Fid & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing to *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local

interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). This burden requires the movant to show not that the alternative venue is more convenient, but that it is clearly more convenient. *Volkswagen II*, 545 F.3d at 314, n.10. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *In re Vistaprint Ltd.*, 628 F.3d at 1314-315; *Volkswagen II*, 545 F.3d at 315 ("when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). Courts may "consider undisputed facts outside the pleadings, but must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-000456-JRG, 2018 WL 4620636, at *2 (E.D. Tex. May 16, 2019).

### III. Discussion

The threshold determination in this transfer analysis is whether this case could have been brought in the destination venue—the Northern District of California. Neither party contests that venue is proper in the NDCA and this case could have originally could have been brought there. Thus, the Court proceeds with its analysis of the private and public interest factors.

**A.  The Private Interest Factors**

*1. The Relative Ease of Access to Sources of Proof*

In considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored. *Volkswagen II*, 545 F.3d at 316. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). In this case, such location is the Northern District of California. If TikTok were to possess any physical documentation valuable to the adjudication of this dispute, 10Tales' amended complaint implies that such information will likely come from the NDCA or somewhere else in California. The complaint focuses on the TikTok application, its databases, and its "recommendation system." While TikTok may generate or store physical documentation at locations in other districts, the physical documentation relating to the substantive focus of the complaint is likely to come from TikTok's operations in California. The mere presence of TikTok operations or any note-taking employees in this District alone does not warrant any consideration here as this fact is exclusive to a different private interest factor. *EcoFactor, Inc. v. Google LLC*, No. 6:20-CV-00075-ADA, 2021 WL 1535413, at *1 (E.D. Tex. April 16, 2021) ("witnesses are not sources of proof to be analyzed under this factor").

Thus, to avoid burdening the defendant with unnecessary transportation costs of physical evidence and documentation, the prudent conclusion is that this factor weighs in favor of transfer. 10Tales also asserts that this factor carries little weight as much of the relevant documentation can be accessed through an online server. While the relevant evidence may be equally accessible in both Districts electronically, considering such realities would be thwarting this Court's duty to

adhere to 5th Circuit precedent.[1] Thwarting this duty would be particularly egregious given that 10Tales failed to identify a single source of physical proof located in this District. Consequently, this Court finds that the relative ease of access to sources of proof favors transfer.

*2. Availability of a Compulsory Process Necessary to Secure the Attendance of Witnesses*

In this factor, the Court considers the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance my need to be secured by a court order. *Fintiv, Inc. v. Apple, Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 10, 2019) (citing *Volkswagen II*, 545 F.3d at 316). Determining convenience requires considering "the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order." *Id*. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x. 886, 889 (Fed. Cir. 2014). Under the Federal Rules of Civil Procedure, a court may subpoena a witness to attend trial only (a) within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person … is commanded to attend a trial and would not incur substantial expense." (Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Moreover, the ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992). For the reasons discussed below, the Court finds that this factor favors transfer.

---

[1] "In modern patent litigation, all (or nearly all) produced documents exist as electronic documents on a party's server. Then, with a click of a mouse or a few keystrokes, the party produces these documents." *Fintiv, Inc. v. Apple, Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *4 (W.D. Tex. Sept. 10, 2019).

"This factor will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F.App'x 886, 889 (Fed. Cir. 2014). The allegations set forth in 10Tales' complaint implicates third-party entities such as Google, Apple, and various social media companies all of which are well-known to have strongest presence in California. ECF No. 28. 10Tales specifically alleges that TikTok collects user information from Google, and this Court has previously recognized Google's strong presence in the NDCA. *See Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020). 10Tales also argues that its infringement allegations relates to distribution technology of the TikTok application and that because of this, this court can exercise subpoena power over relevant witnesses from TikTok's Austin offices. Even if 10Tales' infringement allegations were related to the application's distribution technology, the conclusion under this factor would not change. The TikTok application runs on Apple iOS and Google Android operating systems and users download through each company's respective app stores. As a result, any allegations regarding distribution technology in this case could potentially require cooperation from Google, Apple and other companies listed that are similarly based in California.

As the "master of his complaint," 10Tales should not be able to back away from his from his factual allegations for mere purposes of venue. Even if 10Tales were to engage in such jurisdictional gamesmanship, this effort would be of little use as neither party has successfully identified a single non-party witness in this District for which this Court's subpoena power would be necessary. Consequently, this factor initially weighs heavily in favor of transfer. The degree to which this factor impacts the overall transfer analysis, however, is tempered by the fact that TikTok has not meaningfully shown that any prospective witnesses residing in California are unwilling to testify. *Turner v. Cincinnati Ins. Co.*, No. 6:19-CV-642-ADA-JCM, 2020 WL 210809, at *3 (W.D.

Tex. Jan. 14, 2020) ("This private interest factor carries far less weight when the movant has not alleged or shown that any witnesses are unwilling to testify."). But for the disproportionate difference in access to prospectively relevant witnesses between this District and the NDCA, this consideration may alter the conclusion more significantly. 10Tales' failure to identify even a single relevant witness that this Court could exercise its subpoena power over, however, ultimately compels the conclusion that this factor favors transfer.

### 3. Inconvenience to Willing Witnesses

The convenience of witnesses is the single most important factor in the transfer analysis. *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *4 (W.D. Tex. May 14, 2020); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). Under this factor, courts should consider all potential material and relevant witnesses." *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). However, "the convenience of party witnesses is given little weight." *Moskowitz Family LLC v. Globus Med., Inc.,* No. 6:19-CV-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020). When witnesses will be required to travel significant distances regardless of whether the case is transferred, "the '100-mile rule' should not be rigidly applied." *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009); S*ee In re TracFone Wireless, Inc.*, No. 2021-136, 2021 WL 1546036 (Fed. Cir. Apr. 20, 2021). For the reasons discussed below, this Court finds that this factor favors transfer.

Most witnesses relevant to this case have been identified by TikTok, and these witnesses reside in either the NDCA or somewhere else in California. Rather than time-consuming and costly travel being inevitable regardless of venue, most witnesses here are faced with either extreme—the NDCA as arguably the most convenient federal forum for such witnesses, or this District located over 1,300 miles further. Additionally, little consideration should be given to the few witnesses 10Tales identified from TikTok's Austin office and the east coast. First, the witnesses from TikTok's Austin location have not been established as necessary to this case, as the parties still dispute which witnesses can best speak on TikTok's operational costs, revenues and profits. Second, the east coast witnesses will be inconvenienced by extensive travel regardless of the forum and thus "the '100-mile' rule should not be rigidly applied." *In re Genentech, Inc.*, 566 F.3d at 1344. Of the east coast witnesses, the most relevant is the '030 patent inventor, who is located in Pennsylvania. Not only will this witness be forced to travel long distances regardless of venue, but this witness is also a party to this suit and thus his convenience should be given "little weight." *Moskowitz Family LLC v. Globus Med., Inc.,* No. 6:19-CV-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020). Even if the witnesses identified by 10Tales were relevant, the conclusion under this factor would nevertheless remain unchanged as the NDCA is still more convenient for a greater number of witnesses identified in this case. Thus, this Court finds that this factor weighs in favor of transfer.

### *4. All Other Practical Problems*

To conclude analysis of the private interest factors, the Court should consider "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 314. This factor carries greater weight in cases for which "there is co-pending litigation before the trial court involving the same patent and underlying technology" and cases where the

trial court is familiar with the underlying patent from prior litigation. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). No such scenario exists in this case; and even if it did, this factor's impact would marginal because considerations of judicial economy and the existence of co-pending litigation should not be dispositive in cases like this one. *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (holding that this factor cannot "dominate the court's transfer analysis" when the defendant has a strong presence in the transferee district); *SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00525-ADA, 2020 WL 2494574, at *5 (W.D. Tex. May 14, 2020). Thus, the Court finds that this factor is neutral.

## B.  The Public Interest Factors

### *1. Court Congestion*

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums.*"* *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). The relevant inquiry under this factor is actually the "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347 (Fed. Cir. 2009). Additionally, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id*. The Court finds this factor to be neutral.

Both parties identified various courts weighing in on the comparative average time to trial between this District and NDCA, and these courts have reached different conclusions. Thus far, neither discovery nor a *Markman* hearing have occurred in this case. ECF No. 28; ECF No. 41.

9

Consequently, transfer at this stage of litigation would not likely create any meaningful delays. The Court finds that this factor favors is neutral.

## *2. Local Interest*

Under this factor, the Court must consider whether there is a local interest in deciding local issues at home. *Volkswagen II,* 545 F.3d at 317.  Additionally, "this factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rose to a suit.'" *In re Apple Inc.*, 979 F.3d at 1345.

This Court finds that this factor favors transfer. First, neither party have any "significant connections" to this forum. 10Tales has no presence in this District nor any connections to it. TikTok, conversely, has a greater presence in this District as compared to 10Tales; but this sort of "general presence" should not be given much consideration. *Id*. This is especially true given that the TikTok's strongest presence is in California.

More importantly, "the events that gave rise to a suit" in this case have "significant connections" with NDCA but not this District. First, the presence of TikTok users within this District does not constitute a "significant connection" under this analysis. While the presence of infringing users may be an "event" giving rise to this lawsuit, it nevertheless creates no local interest because such a connection equally exists in virtually all other districts, including the NDCA. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("an accused product offered nationwide does not give rise to a substantial interest in any single venue"). Unlike this District, however, such "significant connections" exists between the NDCA and the events giving rise to this suit. One event particularly relevant to this analysis is the location of where "the accused products were designed, developed, and tested." *In re Apple Inc.*, 979 F.3d at 1345.  Here, these

10

events occurred in the NDCA. As a result, the Court finds that this factor weighs in favor of transfer.

*3. Forum Familiarity with the Law*

Both parties agree that this factor is neutral. The Court also agrees.

*4. Avoidance of Unnecessary Conflicts of Laws*

Both parties agree that this factor is neutral. The Court also agrees.

## IV. Conclusion

Having applied the *Volkswagen* factors to the facts of this case, the Court finds that the Northern District of California is a "clearly more convenient" forum than this District. Half of the factors under this analysis favor transfer, while the remaining factors are neutral. No factor favors keeping this case in this District. Therefore, the Court **GRANTS** the TikTok's Motion to Transfer under 28 U.S.C. § 1404.

SIGNED this 21st day of May, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE