# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| 10TALES, INC., | § § § | |
| Plaintiff, | § § | Case No. 6:20-cv-00810-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| TIKTOK INC., TIKTOK PTE. LTD., BYTEDANCE LTD., and BYTEDANCE INC., | § § § § § | |
| Defendants. | § | |

### PLAINTIFF 10TALES, INC.'S OPPOSITION
### TO DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................................................1

II. RELEVANT FACTUAL BACKGROUND ...................................................................................3

III. ARGUMENT .................................................................................................................................8

    A. Legal Standard Governing Transfer Under 28 U.S.C. § 1404(a)..............................................8

      1. The Private Interest Factors Weigh Against Transfer ............................................................9

        a. The Relative Ease of Access to Sources of Proof Weighs Against Transfer ....................9

        b. The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs Against Transfer ...............................................................................................11

        c. The Cost of Attendance for Willing Witnesses Weighs Against Transfer.......................12

      2. The Public Interest Factors Weigh Against Transfer ...........................................................13

        a. Court Congestion Weighs Against Transfer....................................................................13

        b. The NDCA Has No Greater Local Interest .....................................................................14

        c. The Remaining Factors Do Not Favor Transfer..............................................................15

IV. CONCLUSION............................................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Atl. Marine Constr. Co. v. U.S. Dist. Ct.*,
  571 U.S. 49 (2013) .................................................................................................................. 8

*In re Barnes & Noble, Inc.*,
  743 F.3d 1381 (Fed. Cir. 2014) ............................................................................................. 13

*Doe v. Kanakuk Ministries*,
  Civ. No. 3:11-cv-0524-G, 2012 WL 715980 (N.D. Tex. Mar. 5, 2012) ......................................... 10

*Frederick v. Advanced Fin. Sols., Inc.*,
  558 F.Supp.2d 699 (E.D. Tex. Sept. 26, 2007) ........................................................................ 11

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................. 13

*Geotag, Inc. v. Ontargetjobs, Inc.*,
  Civ. No. 2:13-cv-0064-JRG, 2014 WL 12776293 (E.D. Tex. Mar. 7, 2014) ............................. 14

*Hammond Dev. Int'l, Inc. v. Google LLC*,
  1:20-cv-00342-ADA, 2020 WL 3452987 (W.D. Tex. June 24, 2020) ..................................... 13

*In re Hoffman-La Roche, Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ............................................................................................. 15

*Kuster v. W. Digital Techs., Inc.*,
  Civ. No. 6:20-cv-00563-ADA, 2021 WL 466147 (W.D. Tex. Feb. 9, 2021) ........................... 13

*Moskowitz Family LLC. v. Globus Medical, Inc.*,
  Civ. No. 6:19-cv-00672-ADA, 2020 WL 4577710 (W.D. Tex. July 2, 2020) ......................... 12

*Stragent LLC v. Audi AG*,
  Civ. No. 6:10-cv-227-LED-JDL, 2011 WL 2912907 (E.D. Tex. July 18, 2011) ..................... 13

*Texas Data Co., L.L.C. v. Target Brands, Inc.*,
  771 F. Supp. 2d 630 (E.D. Tex. Jan. 12, 2011) ................................................................... 8, 11

*USC IP P'ship, L.P. v. Facebook, Inc.*,
  Civ. No. 6:20-cv-00555-ADA, 2021 WL 860007 (W.D. Tex. Mar. 8, 2021) .......................... 10

*In re Volkswagen AG*,
  371 F.3d 201 (Fed. Cir. 2004) ............................................................................................... 12

*In re Volkswagen of Am. Inc.*,
   545 F.3d 304 (5th Cir. 2008) (cert. denied) ................................................................... 8, 9

*Weber v. PACT XPP Techs., AG*,
   811 F.3d 758 (5th Cir. 2016) ................................................................................................ 9

**Statutes**

28 U.S.C. § 1404 .............................................................................................................. 1, 8, 13, 15

Plaintiff, 10Tales, Inc. ("10Tales") respectfully submits this opposition to Defendants' Motion to Transfer Under 28 U.S.C. § 1404 (Dkt. No. 24) and Notice of Joinder of TikTok's Motion to Transfer Pursuant to § 1404 filed on January 27, 2021, (Dkt. No. 47) ("Motion").

## I.      INTRODUCTION

Defendants are "TikTok"—a China-based enterprise consisting of a group of companies[1] with offices around the globe, including in Austin, Texas. At the time TikTok filed its Motion, TikTok attempted to hide behind its corporate structure, contesting jurisdiction and venue, and basing the § 1404 issues on the facts of one specific entity—TikTok Inc.[2] After three related entities were joined, TikTok abandoned its venue and jurisdiction claims.[3] However, TikTok never updated its Motion to account for the three additional entities in the case. Instead, TikTok has, tellingly, relied on evidence and argument presented when only TikTok Inc. was a defendant.

As this brief shows, the Northern District of California ("NDCA") is not clearly more convenient than this District. TikTok admitted in venue discovery that Austin is among their offices playing "███████████████████████████████████████████████████████." TikTok's NDCA office is a ███████ office (its U.S. headquarters is in Los Angeles County, California, not in the NDCA). In its quest to portray the NDCA as more convenient, TikTok provided limited factual evidence that, upon close examination, is, at best, problematic—the sole declarant supporting the Motion was ████████████████ most of her statements, making it of little to no value. In many instances, she never made the inquires necessary to support the factual statements in her declaration.

---

[1] For example, in the U.S., there are, at least: TikTok Inc.; TikTok Pte. Ltd.; ByteDance Ltd.; and ByteDance Inc. Collectively, TikTok has over 60,000 employees.
[2] In reading TikTok's only evidence—the declaration of Ms. Nicola Raghavan (Dkt. No. 24, Ex. A ("Raghavan Dec.")—it is important to notice (and be aware of) how and when specific entity names are used.
[3] Venue discovery has shown the companies were always, in fact, ████████████████████
████████████████████████████

Perhaps even worse, TikTok withheld evidence that was, presumably, helpful to presenting the full picture (e.g., information regarding documents and custodians).

Venue discovery was conducted, and the reality it shows is quite different from the picture painted by TikTok's Motion. TikTok's witnesses testified that the employees most knowledgeable about the "making" of the accused system in the United States—that is the witnesses most knowledgeable about TikTok's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—are located ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, each of which is much closer to this District than the NDCA. TikTok also provided testimony that the employees most knowledgeable about the revenues earned from use of the accused system in the United States are located in ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

As to its physical sources of proof, TikTok admits that their technical documents and software source code repositories are maintained in ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ The majority of the technical documents TikTok produced concerning the infringing technology ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[4]

All of this makes perfect sense – TikTok and their related companies are based in China, and launched their product from China before their U.S. offices opened. The technical documents and source code relating to the accused functionality in this case—including the infringing recommendation system—▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ TikTok's Mountain View office is just another of its offices, not a central source of proof.

---

[4] TikTok's Transparency Center is located in Culver City, Los Angeles County, California, which is located in the Central District of California, **_not the NDCA_**.

It is unclear why TikTok believes transfer to NDCA is proper, but as this Court has made clear, 10Tales' choice of forum should not be disturbed unless TikTok *clearly* demonstrates that such a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." TikTok's evidence falls well short of the required "clear" showing they must make to justify transfer. As such, 10Tales respectfully requests that the Court deny TikTok's Motion.

## II.     RELEVANT FACTUAL BACKGROUND[5]

1. David Russek is the inventor of U.S. Patent No. 8,856,030 ("the '030 patent"), and 10Tales is the owner of the '030 patent by virtue of an assignment effective as of March 29, 2015. (FAC, ¶¶ 2, 52). 10Tales is a Delaware corporation with a principal place of business at 18 Coal Street, Middleport, Pennsylvania 17953. (Russek Dec., ¶ 4). Mr. Russek also resides in Middleport, Pennsylvania, *see* (*id.*, ¶ 2), which is 1,500 miles from Waco, Texas, and 2,800 miles from the N.D. California.

2. TikTok develops, operates, distributes, and markets the TikTok application throughout the United States, and that includes the accused system: TikTok's recommendation engine and the software, hardware, and servers that support same. (█████████████████████████████████████████████████████████). According to TikTok's designated representative █████████████, █████████, TikTok's Culver City office in Los Angeles county is essentially the █████████ in the United States, ████████████████████████████████████████████████████████████████████████████████████████████████████████). TikTok considers Austin, Texas to be █████

---

[5] References to the Declaration of Rudolph "Rudy" Fink IV shall appear as "RDF Dec." References to venue discovery depositions of TikTok's witnesses, which are attached to the RDF Dec., shall appear as "[Witness Last Name], at [Page]:[Line]-[Page]:[Line]." References to the First Amended Complaint (Dkt. No. 28) shall appear as "FAC." References to the Declaration of David Russek, attached as Ex. 14 to the RDF Dec., shall appear as "Russek Dec."

███████████████████████████████████████████████████████

████████████████████████

**Potentially Relevant Documents**

3.  10Tales expects to find evidence of infringing conduct in the software source code supporting TikTok's "recommendation system" used with the TikTok "For You" feed. *See* (FAC, ¶¶ 3, 61-65). According to TiKTok's ████████ the source code is written by ████████ ████████ (██████████████████). TikTok has informed 10Tales that it will make such source code available for inspection at their "Transparency Center" located in Los Angeles County. (RDF Dec., Ex. 2). ████████████████████████████████████

████████████████████████

4.  Venue discovery has shown this source code is available ████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████(████████████ ████████████████████████████████

████████████████████████████████████ ███. ████████████████

███ ████████████████████████, ████████████████████████████████

████████████████████████ ███.

5.  TikTok's data centers in the United States are located in ████████████████

████████.⁷ ████████████████

---

[6] In addition to Austin, Texas, TikTok identified offices in Washington, D.C., Los Angeles, California, Mountain View, California, Northern Virginia, New York City, and Miami, Florida as the ████ ████████ in the United States. (████████████████).

[7] Defendant TikTok Pte. Ltd. ████████████████████████ in Singapore. ████████████████

4

6.  ███████████████████████████████████████████████████

███████████████████████████████████████ (████ ████████). ██████████████████

████████ (*Id.*). Significantly, ██████████ also testified that the technical documents that TikTok produced in response to the Court's Scheduling Order (Dkt. No. 41) are documents maintained by TikTok ████████████████████████████████████. (████ ████████). ██████████ could not identify a single ██████████████████████████████████████████████████████████████

█████████████████.

### Location of Potential Party and Non-Party Witnesses

7.  In addition to expert witnesses, 10Tales expects that Mr. Russek, the inventor of the '030 patent, will be a witness at trial. Mr. Russek resides in Pennsylvania. (Russek Dec., ¶ 2).

8.  TikTok did not identify, despite repeated requests in jurisdictional discovery (e.g., interrogatories, requests for production, and depositions), a single individual with knowledge, let alone the individuals most knowledgeable, about any of the technical documents that TikTok produced on March 1, 2021. (██████████████████). Notably, many of these documents are ██████████████████, suggesting that the individuals most knowledgeable about them ██████████████████. (RDF Dec., ¶ 18, Ex. 16). 10Tales requested the identity of the custodians of these documents, but was stonewalled with an incomprehensible response (excerpted in part below), showing only ██████████████████ ██████████████████



| | create_time | update_time | BegProd | EndProd |
|---|---|---|---|---|
| ███████ | ███████ | ███████ | TT0002275 | TT0002285 |

TikTok's designated representative could not ██████████████████████████████ based on the chart above. ██████████████████████████████████████████ TikTok has not identified any relevant information in TikTok's office in Mountain View, California that TikTok would use to defend against

5

10Tales' infringement claims. Instead, TikTok's Motion relies solely on the Declaration of Ms. Nicola Raghavan (a non-technical employee) purporting to identify potential party and non-party witnesses in the NDCA. (Raghavan Dec., ¶¶ 14-18). However, ▮▮▮▮▮▮ ▮▮▮▮▮▮ revealed significant problems with ▮ Declaration, both in ▮ lack of knowledge of where certain witnesses are located, and with ▮ inability to identify any specific potential non-party witnesses. These problems diminish the value of her already limited declaration.

9. For example, Ms. Raghavan's Declaration claimed TikTok engineers ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ However, ▮▮▮▮▮▮ subsequently admitted that ▮ does not know how many people are involved in the ▮▮▮▮▮▮ ▮▮▮▮▮▮ (▮▮▮ ▮▮▮▮▮▮.

10. In contrast to Ms. Raghavan's declaration, ▮▮▮▮▮▮ (a witness with more technical knowledge) provided the reality: ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮).

11. ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮

---

[8] Using a document TikTok prepared, ▮▮▮▮▮▮ was able to identify ▮▮▮▮▮▮ ▮▮▮▮▮▮ (▮▮▮ ▮▮▮▮▮▮ However, ▮▮▮▮▮▮ did not ask the ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ (▮▮▮, 74:1-17). ▮▮▮▮▮▮ (RDF Dec., Ex. 5). At best, TikTok identified a total of ▮ employees in the NDCA who might have relevant information. (▮▮▮ 72:15-73:5).

6

███████████████████████████████████████████████████████████

████████████████████████████████████ (█████████████████████

█████████████████████ TikTok has only identified ███ members of this team: █████████

████████████████████████████████████████████████████ █████

████████████████████████████████████████████████████ █████

████████████████████████ █████████████████

12.     When asked to identify the individuals having knowledge of the revenues that TikTok generates in conjunction with the use of the TikTok app in the United States—an issue that will be highly relevant to damages—TikTok's designated representative identified ███ individuals, one of whom—████████████████████████████████████████—is located in Austin, Texas, ████████████████████████████████████ █████████████████

███. (████████ 31:19-34:4). TikTok's documents also suggest that █████████████

███████████████████████████████████████████ (RDF Dec., Ex. 4). █████████ is also in TikTok's Austin, Texas office. *Id.*

13.     With regard to non-party witnesses, Ms. Raghavan's declaration identified: (a) Google and Apple, because users can download the TikTok app through each company's stores; (b) social media platforms such as Facebook, Instagram, Twitter, and Google; (c) TikTok's "█████████

█████████ content creators on the TikTok app"; and (d) "[███████████ advertisers …."

████████████████████

14.     However, ████████ ████████ was unable to support the statements made in ████████ declaration. ███ could not identify any potential witness at Google or Apple, and admitted that she does not know whether Google or Apple ever received source code for the TikTok app or

7

information regarding the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[9] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15. ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ does not know whether any of the social media platforms received the details ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ (▮▮▮▮▮▮ 96:21-97:9). ▮▮▮▮▮▮▮▮▮ made similar admissions with regard to TikTok's "▮▮▮▮▮▮▮▮ content creators," and with regard to TikTok's ▮▮▮▮▮▮ advertisers. (*Id.*, 98:10-23; 99:24-100:14).

16. As such, Ms. Raghavan's Declaration fails to identify *any* potential non-party witnesses with relevant testimony.[10,11]

## III. ARGUMENT

### A. Legal Standard Governing Transfer Under 28 U.S.C. § 1404(a)

"[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous," a right the Supreme Court has termed "plaintiff's venue privilege." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63 (2013). To disturb this right, TikTok bears "a significant burden … to show good cause" to support its motion to transfer. *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) ("*Volkswagen II*") (cert. denied); *see also Texas Data Co., L.L.C. v. Target Brands,*

---

[9] Considering TikTok's representation that they ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, it seems very doubtful that TikTok would have ever disclosed such source code to any individuals at Google, Apple, or Facebook, or to any other third-party witnesses located in the NDCA.

[10] TikTok's invalidity contentions reveal a potential non-party witness in Plano, Texas. TikTok's invalidity contentions cite to a published patent application that matured into U.S. Patent No. 8,813,125 ("the '125 patent"). (RDF Dec., Ex. 6). Richard Reisman, the inventor named in the '125 patent, assigned the patent to Convergent Media Solutions LLC in Plano, Texas. (*Id.*). 10Tales respectfully requests that the Court take judicial notice of the '125 patent.

[11] So far, none of the parties' experts are located in the NDCA. To date, TikTok has identified one expert, Dr. Alan Bovik, who works and teaches in Austin, Texas. 10Tales' experts are located in Baltimore, Maryland, and Austin, Texas.

*Inc.*, 771 F. Supp. 2d 630, 638 (E.D. Tex. Jan. 12, 2011) ("the Court ... recognizes the significance of the burden and does not take it lightly"). They must "satisfy the statutory requirements and *clearly* demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315 (emphasis added).

The determination of whether TikTok has met its burden involves consideration of various private and public interest factors. *Id.* The Federal Circuit has held that the eight private and public interest factors are not exhaustive or exclusive, and no one factor "can be said to be of dispositive weight." *Id.* "A plaintiff's choice of forum is given 'some'—significant but non-determinative—weight." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016) (quoting *Atl. Marine*, 571 U.S. at 62 n.6 (2013)).

Each of the aforementioned factors establish that TikTok's Motion should be denied because TikTok has not met its heavy burden of showing that transfer is warranted.

    1. **The Private Interest Factors Weigh Against Transfer**

        a. **The Relative Ease of Access to Sources of Proof Weighs Against Transfer**

The location of TikTok's records does not support transfer. TikTok's source code and technical documentation regarding the accused TikTok recommendation system are both ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ not the NDCA. (▇▇▇▇ ▇▇▇▇▇▇▇▇. TikTok admits that their employees can ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[12] ▇▇. Moreover, the location where TikTok intends to make the source code available for inspection ▇▇▇▇▇▇

---

[12] While Ms. Raghavan indicated in her declaration that TikTok's employees in Mountain View stored their ▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ prior to the pandemic, ▇ subsequently admitted that ▇ did not know how they have been storing ▇▇▇ since the pandemic started (and therefore since this suit was filed), and cast further doubt on the statements in her declaration by admitting that ▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (▇▇▇▇▇▇ 47:11-13; 64:18-66:9). In any event, TikTok has produced no evidence to suggest that their Mountain View employees' notes have any relevance to the issues in this lawsuit.

███████████████[13] not the NDCA.  (RDF Dec., Ex. 2).  TikTok produced no evidence suggesting that any relevant sources of proof are kept in the NDCA.

Ultimately, TikTok fails to provide any reason why transferring ███████████ from China to this District would be any more burdensome than transferring ██████████ to the NDCA, and it is readily apparent that TikTok does not intend to (or cannot) produce this evidence in the NDCA. Because "[t]he transmission of documents by electronic means is now instantaneous, inexpensive, and ubiquitous," the distinction between courts—with respect to documentary evidence—is largely negligible. *Doe v. Kanakuk Ministries*, Civ. No. 3:11-cv-0524-G, 2012 WL 715980, at *3 (N.D. Tex. Mar. 5, 2012).

With regard to party witnesses, TikTok has failed to carry its burden of showing that the NDCA is a more convenient forum. Mr. Russek, the inventor of the '030 patent, resides in Pennsylvania, and as such, this District is far more convenient than the NDCA; Mr. Russek would have to travel an additional 1,300 miles each way, almost twice as far, to travel to the NDCA. *See USC IP P'ship, L.P. v. Facebook, Inc.*, Civ. No. 6:20-cv-00555-ADA, 2021 WL 860007, at *4 (W.D. Tex. Mar. 8, 2021) (holding "Fifth Circuit precedent…appl[ies] the 100–mile rule").  TikTok's employees having the most knowledge of how TikTok ████████████████████████████████ in the United States are located in ████████████████████████████ Pursuant to the 100-mile rule, the NDCA would be more inconvenient for those witnesses as well by requiring an additional 1,300 miles of travel each way.  With regard to the revenues attributable to the accused recommendation system, ██ of TikTok's employees located in ██████████████████████████████████ are likely witnesses at trial.  The other ██ individuals that TikTok has identified as being most knowledgeable on this

---

[13]  TikTok testified that it is ███████████████████ source code to its Transparency Center in order to ███████████████████████████████████████

10

subject matter are located in ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.[14] Again, the distance for these people to travel to NDCA would be an additional 1,300 miles each way. As discussed above, TikTok failed to identify the names of the individuals who were the custodians of the limited technical documents that were produced, indicating that they are, presumably, not in NDCA.

Thus, this factor weighs against transfer.

### b. The Availability of Compulsory Process to Secure the Attendance of Witnesses Weighs Against Transfer

While the location of party witnesses may factor into transfer analysis, it is the location of key, non-party witnesses that should dominate the analysis. *Frederick v. Advanced Fin. Sols., Inc.*, 558 F.Supp.2d 699, 704 (E.D. Tex. Sept. 26, 2007); *see also Texas Data*, 771 F.Supp.2d at 641 (noting that "[t]his factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue"). The availability and convenience of party witnesses is generally insignificant when a transfer based on this factor would only shift the inconvenience from movant to non-movant. *Frederick*, 558 F.Supp.2d at 704. Additionally, this factor is also based on the willingness of non-party witnesses to voluntarily appear for trial. *See Texas Data Co.*, 771 F.Supp.2d at 642 n.11. Thus, the defendant bears the burden of identifying unwilling non-party witnesses that would benefit from the transfer. *Id.* at 643 n.14.

---

[14] TikTok identified ▇▇▇▇▇▇ employee in its Mountain View office, ▇▇▇▇▇▇▇▇ who might have relevant information regarding the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ only began working for TikTok in late June 2020 (years after the product was developed in China, only a handful of months before Ms. Raghavan wrote her declaration, and only a few months before 10Tales filed its Complaint). There is no declaration of ▇▇▇▇▇▇▇▇ concerning his knowledge. Regardless, it likely that TikTok would utilize an expert witness to explain the technical aspects of its recommendation system to the jury. Even if TikTok did intend to have ▇▇▇▇▇▇ or nameless other software engineers located in Mountain View testify at trial, this would, at most, render the party witnesses factor neutral.

Here, TikTok provides only a declaration by Ms. Raghavan (a non-technical human relations employee) claiming a series of alleged non-party witnesses[15] having a presence in the NDCA, including Apple, Google, Facebook, Instagram, and Twitter. However, ▇▇▇ deposition testimony establishes that ▇ has no basis for ▇▇▇▇▇▇▇▇▇▇.[16] Thus, all TikTok has done is identify companies based in the NDCA, without regard for whether any one of them has any relevant evidence, much less whether they would be unwilling to appear. *See Moskowitz Family LLC. v. Globus Medical, Inc.*, Civ. No. 6:19-cv-00672-ADA, 2020 WL 4577710, at *4 (W.D. Tex. July 2, 2020) ("[T]he Court also requires more than a statement that third-party witnesses may exist to merit consideration."). That TikTok may be downloaded from Google or Apple is also unconnected to 10Tales' patented technology, and does not establish that either are witnesses with relevant testimony. Similarly, the social media companies named by TikTok lack knowledge of the accused TikTok features, and as such, do not have relevant evidence. ▇▇▇▇▇▇).

Since TikTok failed to identify any non-party witnesses—either willing or unwilling—expected to participate in this case, this factor weighs against transfer to NDCA.

      **c.    The Cost of Attendance for Willing Witnesses Weighs Against Transfer**

In addressing the cost of attendance of willing witnesses, all parties and witnesses must be considered in the analysis of this factor. *See In re Volkswagen AG*, 371 F.3d 201, 204 (Fed. Cir. 2004).

---

[15] The Motion references ByteDance Inc. ▇▇▇ as possible third-party witnesses, but ByteDance Inc. is now a Defendant in this action, making these possible witnesses party witnesses.

[16] ▇▇▇ admitted that ▇ does not know: (a) any person at those companies who might be called as a witness; (b) whether any person at those companies have had access to TikTok's ▇▇▇; and (c) whether those companies have had access to TikTok's ▇▇▇▇▇ relating to the accused TikTok recommendation system. (▇▇▇▇▇▇▇▇).

The convenience of non-party witnesses is usually given greater weight than that of party witnesses.[17] *Stragent LLC v. Audi AG*, Civ. No. 6:10-cv-227-LED-JDL, 2011 WL 2912907, at *7 (E.D. Tex. July 18, 2011).

TikTok has not provided this Court with any evidence suggesting that the cost of attending trial in the NDCA is less expensive than it would be in this District. This is unsurprising, as it would be considerably more expensive to fly witnesses to NDCA and conduct a trial in NDCA. Thus, this factor weighs against transfer.

### 2. The Public Interest Factors Weigh Against Transfer

#### a. Court Congestion Weighs Against Transfer

In a § 1404(a) analysis, the Court may consider how quickly a case will come to trial and be resolved. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).

TikTok speculates that the time to trial may be shorter in the NDCA. *See* Motion at 19. There is no credible basis for such speculation, and TikTok fails to provide the Court with any evidence supporting same. As this Court observed last year, the "time-to-trial statistics in this Court" are faster than the NDCA. *Hammond Dev. Int'l, Inc. v. Google LLC,* 1:20-cv-00342-ADA, 2020 WL 3452987, at *5 (W.D. Tex. June 24, 2020). Moreover, this case is already scheduled for trial in March 2022—just 10 months from now—and any transfer at this point would surely jeopardize that date. *See Kuster v. W. Digital Techs., Inc.*, Civ. No. 6:20-cv-00563-ADA, 2021 WL 466147, at *8 (W.D. Tex. Feb. 9, 2021) ("statistics do not account for the lost time that would additionally accrue by transferring this case"). Thus, this factor weighs against transfer.

---

[17] "The convenience of the witnesses *who are employees of the party* seeking transfer is entitled to less weight because that party will be able to compel their testimony at trial." *Comcast Cable,* 2012 WL 6625359, at *4 (emphasis added); *see also In re Barnes & Noble, Inc.*, 743 F.3d 1381, 1382-83 (Fed. Cir. 2014) (affirming denial of transfer that faulted the defendant for failing to address how many of its employees would be unavailable to testify in the current forum or why deposition testimony would not suffice).

13

### b. The NDCA Has No Greater Local Interest

TikTok argues that the NDCA has a greater interest in this case than this District because TikTok has █████████████████████████████████████████████████████████"[18] *See* Motion at 19. But, tellingly, this claim is unsupported by details and TikTok is silent on how much of the ███████████ is in the ████████████████████████[19] (████████ ████████████████). The evidence that is available indicates that the relevant portions of the TikTok app were ███████████████████████████. Likewise, even if the infringing aspects of the TikTok app and system are not developed in the District, it does not preclude TikTok's employees in this District from having relevant testimony and an interest in this case. Tellingly, none of the witnesses TikTok designated during venue discovery work in NDCA. TikTok designated representatives who work out of TikTok's ███████████████████████████████████████ offices.

TikTok cannot deny that they maintain a physical presence in this District. Indeed, TikTok admits that their Austin, Texas office █████████████████████████████████████ █████████████████ (████ █████████) TikTok's ██████████████████████ ████████████████████████████████████████████ █

Where, as here, the infringing product is distributed nationally, the mere fact that a defendant has a larger presence in another state does not give that state a greater interest. Indeed, TikTok has over 60,000 employees around the world; the fact that they have ████ in the NDCA working with a ███████████████████████████████████ does not give the NDCA a local interest.[20] Instead, where an

---

[18] Courts have rejected arguments that a defendant's mere presence in a proposed transferee district creates a strong local interest, "as they amount to arguments that the Court should transfer the case because jurors in the transferee district will be more sympathetic to a particular party." *Geotag, Inc. v. Ontargetjobs, Inc.*, Civ. No. 2:13-cv-0064-JRG, 2014 WL 12776293, at *3 (E.D. Tex. Mar. 7, 2014).
[19] Collectively, TikTok has over 60,000 employees world-wide. ████████████████
[20] At best, TikTok identified a total of ████ employees in the NDCA who might have relevant information. (█████████ 72:15-73:5).

14

accused product is distributed and accessible nationally, the local interest in having localized interests decided at home is generally not weighed either for or against transfer. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue"). Thus, the presence of infringing users within the NDCA does not establish that the NDCA has a greater interest in the case. At best, this factor is neutral.

### c. The Remaining Factors Do Not Favor Transfer

TikTok admits that the remaining factors—the familiarity of the forum with the governing law and the avoidance of conflicts of law—are all neutral. *See* Motion at 20. Accordingly, none of these factors weigh in favor of transfer.

## IV.   CONCLUSION

TikTok has fallen well short of meeting their heavy burden to show that transfer under 28 U.S.C. § 1404(a) is clearly appropriate. Accordingly, 10Tales respectfully suggests that TikTok's Motion should be denied.

Dated: April 20, 2021

Respectfully submitted,

By: */s/ William E. Davis, III*

William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com
Rudolph (Rudy) Fink IV
Texas State Bar No. 24082997
rfink@davisfirm.com
THE DAVIS FIRM, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

        Barry P. Golob (admitted *pro hac vice*)
        bgolob@cozen.com
        Thomas J. Fisher (admitted *pro hac vice*)
        tfisher@cozen.com
        COZEN O'CONNOR
        1200 Nineteenth Street, NW
        Washington, D.C. 20036
        Telephone: (202) 912-4800
        Facsimile: (202) 861-1905

        Samuel A. Lewis (admitted *pro hac vice*)
        slewis@cozen.com
        COZEN O'CONNOR
        200 South Biscayne Boulevard, 30th Floor
        Miami, Florida 33131
        Telephone: (305) 704-5940
        Facsimile: (305) 704-5955

        *Attorneys for Plaintiff 10Tales Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 20, 2021, a true and correct copy of the foregoing sealed PLAINTIFF 10TALES, INC.'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404 was served on counsel of record in this case by electronic mail.

        */s/ William E. Davis, III*
        William E. Davis, III